UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Bradford L. Geyer, Esq
N.J. Id. No. 022751991
GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(856) 607-5708
brad@geyergorey.com

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF NEW JERSEY and NEW YORK, *ex rel.* KENNETH W. ARMSTRONG, | |
| Plaintiffs and Relator, | Civil Action No.: 12-cv-03319 |
| v. | **STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| ANDOVER SUBACUTE AND REHAB CENTER SERVICES ONE, INC.; ANDOVER SUBACUTE AND REHAB CENTER SERVICES TWO, INC, ESTATE OF DR. HOOSHANG KIPIANI; DR. SANJAY JAIN; and DR. BORIS FREYMAN, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties (the "party" or "parties") that:

1.      Any party or producing person or entity may designate as "Confidential" any document, material or information (including but not limited to documents produced pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure, interrogatory responses, deposition transcripts or oral or written testimony) that such party or producing person or entity reasonably believes, in good faith, to contain or disclose confidential personal medical, financial, credit information or personal data; or

1

confidential or proprietary business, commercial or financial information, trade secrets, confidential research and development, credit, compliance, personnel and administrative information. Documents, transcripts, materials and information so designated, including all information contained therein and derived or derivable therefrom, will be referred to herein as "Confidential Information." As to documents, such designation shall be made by stamping such materials as "Confidential" or by providing, within twenty days of the date that copies are first provided to opposing counsel, a list of the documents so designated, by Bates number or otherwise, together with replacement copies (at no charge) of the documents originally produced without stamps that now contain the appropriate stamps. All documents produced shall be treated as "Confidential" and subject to this Order until expiration of the twenty-day period. With respect to testimony and any exhibits, documents or other materials referred to during the giving of testimony, designation as "Confidential" shall be made by the means of a statement on the record by counsel for the witness or other authorized counsel at the time of the giving of testimony or by written notice by said counsel designating the portions of any transcript to be treated as confidential, which is to be given to all counsel within twenty days of the receipt of such transcript. All such materials and information shall be considered "Confidential" and subject to this Order until the expiration of the twenty day period. The inadvertent failure to designate information as "Confidential" within the timelines of this paragraph does not constitute a waiver of such claim, and a producing party may thereafter designate information as "Confidential" by way of supplemental written notice to all parties, with the effect that such information is to be treated as "Confidential" from the date of receipt of such notice.

2. All Confidential Information shall be used by the party receiving it only for the purposes of preparing for and conducting the above-captioned litigation, including any appeals therefrom or alternative dispute resolution proceedings related thereto (the "Litigation") and shall not be used for

any other purpose, including, without limitation, for any other business, commercial or litigation purpose.

3. Confidential Information or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

    (a)    The Court and court personnel;

    (b)    Counsel to the parties to the Litigation, including in-house counsel, clerical, secretarial and paralegal staff employed by such counsel;

    (c)    Court reporters and videographers engaged for depositions in this Litigation;

    (d)    Such of the directors, officers, agents and employees of a party and any such subsidiaries or affiliates thereof to the extent necessary to assist in the conduct of the Litigation;

    (e)    Persons who were either authors or recipients, including copy recipients, of the Confidential Information;

    (f)    Witnesses, deponents, experts or consultants, to the extent deemed necessary by counsel to assist in the conduct of this Litigation, subject to paragraph 4;

    (g)    Support vendors retained for photocopying, Bates labeling, indexing of documents, animation and the like;

    (h)    Persons or entities appointed to conduct alternative dispute resolution proceedings related to the above-captioned Litigation;

    (i)    The Centers for Medicare & Medicaid Services, New Jersey's Department of Human Services and New Jersey's Division of Medical Assistance and Health Services, contingent on and only to the extent of the parties' agreement in writing as to what specific Confidential Information can be shared with these agencies; and

    (j)    Any other person the producing party agrees to in writing, subject to paragraph 4.

4. Prior to reviewing, seeing or receiving Confidential Information, all persons specified in paragraph 3(f) and 3(j) will read a copy of this Stipulation and Order and execute an Undertaking in the form of Exhibit I hereto, except that persons specified in paragraph 3(i) need not do so if agreed by the producing party. Counsel of record shall retain in their possession all executed Undertakings until final disposition of the Litigation and thereafter shall produce for inspection, within thirty days of the conclusion of the Litigation, copies of all such Undertakings,

5. The Confidential Information shall not be disclosed to persons other than Qualified Persons or the party that produced the Confidential Information, however, nothing contained herein shall prevent any party from disclosing its own Confidential Information as it deems appropriate, and any disclosure by a party of its own Confidential Information shall not, in and of itself, be a waiver of the provisions contained herein.

6. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the Litigation.

7. No pleadings or other documents that contain Confidential Information are to be filed with the clerk without first filing a motion to seal under Local Rule 5.3 requesting that the Confidential Information be maintained under seal. The documents, thereafter, shall be filed and maintained pursuant to the terms of the Court's ruling on that motion. To the extent Confidential Information can be segregated from non-Confidential Information without undue burden or expense, only Confidential Information shall be filed subject to the above terms. In the event that any Confidential Information is used in any court proceeding in the Litigation, subject to the applicable Court rules, that Confidential Information shall not lose its status through such use. If a non-party moves or petitions the Court to unseal a document filed under seal pursuant to the terms of this Order, the parties shall not take a position adverse to the other's efforts to oppose such a motion, pleading or petition.

8. In the event that a receiving party intends to use Confidential Information during a pre-trial hearing, such receiving party shall provide written notice no less than five business days prior to the hearing to the party that produced the Confidential Information, except that shorter notice may be provided if the receiving party could not reasonably anticipate the need to use the document at the hearing five business days in advance, in which event, notice shall be given immediately upon identification of that need. The use of such Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court. The use of Confidential Information during the trial shall be determined by Order of the Court.

9. Within sixty days after the conclusion of the Litigation, all Confidential Information and all copies of same shall (i) be returned to the producing party at the request and expense of the producing party or (ii) be destroyed at the expense of the receiving party, with a letter sent by the receiving party to the producing party certifying that such documents and information have been destroyed. Under either (i) or (ii), counsel may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits or hearing or other official transcripts and exhibits which contain Confidential Information. Such retained copies will remain subject to the restrictions herein.

10. Each Qualified Person who is not a lawyer representing the parties to this Stipulation and Order or employed by a lawyer representing the parties to this Stipulation and Order to whom Confidential Information is disclosed pursuant to this Stipulation and Order shall be advised that the Confidential Information is being disclosed pursuant to, and subject to the terms of an Order of the Court and that the sanctions for any violation of the Order include the penalties that may be imposed by the Court for contempt.

11. Designation of any material as "Confidential" shall not preclude any party from contending before the Court that a designated document or transcript does not qualify for confidential treatment

under Rule 26(c) of the Federal Rules of Civil Procedure or that confidential treatment is not warranted; shall not create any presumption that documents and transcripts so designated are confidential; shall not prejudice in any way the rights of the parties to object to the production of documents based on the attorney-client privilege, other privilege recognized by applicable law, the work product doctrine or based on any other claim that such documents are not subject to discovery for reasons other than alleged confidentiality; and shall not shift the burden of establishing entitlement to confidential treatment. ~~A party objecting~~ If a dispute as to the designation of any Confidential Information ~~may, after~~ cannot be resolved by making a good faith effort to resolve any such objection, the parties shall present the dispute to the Court by letter in accordance with Local Rule 37.1(a)(1). No ~~including but not limited to the required conferral conference, move on reasonable notice for an order vacating the designation.~~ motion shall be filed. While such application is pending, the Confidential Information in question shall remain subject to the protections afforded by this Stipulation and Order.

12. The binding effect of this Stipulation and Order shall survive termination of the Litigation and the Court shall retain jurisdiction to enforce the Stipulation and Order.

13. This Stipulation and Order shall be applicable to and binding upon any individual or entity who agrees in writing to be subject to the terms of the Stipulation and Order. Such individual or entity may designate Confidential Information and that information will be treated in all respects in accordance with the provisions herein.

14. Nothing in the foregoing shall control or govern the use of evidence at trial or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is subject to this Stipulation and Order.

15. This Stipulation and Order is subject to further modification by order of the Court, on the Court's own initiative or upon motion by any person having an interest affected by this Stipulation and Order for good cause shown.

16. If Confidential Information in the possession of a receiving party is (i) subpoenaed or otherwise requested or ordered produced by any court, administrative or legislative body or any other person purporting to have authority to subpoena such information or (ii) subject to a discovery request in another litigation or proceeding, the party to whom the subpoena or request is directed shall give written notice of it (including the delivery of a copy thereof) to the attorneys for the producing party at least five business days prior to the time when production of the information is requested. In the event that the subpoena or request purports to require production of such Confidential Information on less than five business days' notice, the party to whom it is directed shall give immediate telephonic notice of receipt and forthwith deliver by hand or facsimile a copy thereof, to the attorneys for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith, however, if application for a protective order is timely made, the party to whom the subpoena or request is directed shall not produce such Confidential Information prior to receiving a court order or consent of the producing party.

17. If a producing party discovers from any source that it produced a document (a) protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity; and/or (b) prohibited from disclosure by operation of law, that party may request the return of that document. The receiving party must, within three business days of receiving that request, return the document, including any copy or extract of it, to the producing party. In the event of a dispute as to whether the document (a) is protected from disclosure by a privilege, protection or immunity; and/or (b) is prohibited from disclosure by operation of law, the burden shall be on the producing party to demonstrate that the document (a) is protected from disclosure by a privilege, protection or immunity; and/or (b) is prohibited from disclosure by operation of law; provided, however, that until the dispute is resolved by the Court the document shall be treated as (a) being protected from disclosure by a privilege, protection or immunity; and/or (b) being prohibited

from disclosure by operation of law. If the document is submitted to the Court for resolution of a dispute, the parties shall jointly file a motion to file the document under seal. In accordance with Rule 502 of the Federal Rules of Evidence, if a producing party requests that a document protected from disclosure by a privilege, protection or immunity produced in connection with the Litigation be returned to it on the basis of that privilege, protection or immunity, the production of that document shall not waive the applicable privilege, protection or immunity in the Litigation or in any other federal or state proceeding. After this Stipulation and Order is entered by the Court, this paragraph 17 is Ordered under Rule 502(d) of the Federal Rules of Evidence and has the full force and effect of an Order made under Rule 502(d), including without limitation binding effect on non-parties to this Stipulation and Order or to the Litigation, notwithstanding anything to the contrary otherwise in this Stipulation and Order.

18. If a Confidential document or Confidential Information is disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the party involved with the disclosure shall immediately inform counsel of record for the producing party describing the circumstances surrounding the unauthorized disclosure.

19. Each party shall maintain documents containing Confidential Information in secure and safe offices.

SO ORDERED:

Date: 12/17/18

[signature]

HON. STEVEN C. MANNION
MAGISTRATE JUDGE

*The Clerk of the Court shall terminate D.E. 59, which was incorrectly docketed as a motion.*

### EXHIBIT 1 – UNDERTAKING

The undersigned, whose assistance is required in the preparation or trial of this action, has read the annexed Stipulation and Order, dated _____, 2018, understands its contents and hereby agrees to comply therewith. In addition, the undersigned agrees not to use such Confidential Documents or Confidential Information for any purpose other than preparing for or conducting this Litigation.

At the conclusion of the Litigation, all Confidential Documents or Information and all copies of same shall be promptly returned to the producing party.

I consent to the jurisdiction of the United States District Court for the District of New Jersey for the purposes of enforcement of the Stipulation and Order. *during the course of this action*

Date: _____ Name: _____

Organizational affiliation: _____

Signature and Title: _____

/s/ John Minnino
John R. Minnino
The Mininno Law Offices
475 White Horse Pike
Collingswood, NJ 08107
(856) 833-0600
Fax: (856) 833-9649
New Jersey State Bar # 029671993
Telephone: (856) 833-0600

/s/Bradford L. Geyer
Bradford L. Geyer
GeyerGorey LLP
2006 Berwick Dr.
Cinnaminson, NJ 08077

NJ State Bar No. 022751991
Telephone: (856) 607-5708

ATTORNEYS FOR RELATOR
KENNETH ARMSTRONG


/s/ Mark A. Berman, Esq.
Mark A. Berman, Esq.
HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC
65 Route 4 East River Edge, NJ 07661
(201) 441-9056

/s/ Michele A. Smith, Esq.
Michele A. Smith, Esq.
HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC
65 Route 4 East River Edge, NJ 07661
(201) 441-9056

/s/ Benjamin H. Haftel
Benjamin H. Haftel
Hoagland, Longo, Moran, Dunst & Doukas, LLP
40 Paterson Street, P.O. Box 480
New Brunswick, NJ 08903
T: 732-545-4717

ATTORNEYS FOR ANDOVER SUBACUTE AND REHAB CENTER SERVICES ONE, INC.
ET. AL