# GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(202) 374-0312
brad@geyergorey.com

April 19, 2019
**VIA ECF**
Hon. Steven C. Mannion
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    **U.S.A. ex rel., Armstrong v. Andover, et al.**
             **Civil Action No. 12-3319-SDW-SCM**

Dear Judge Mannion:

      This firm represents the Relator, Kenneth Armstrong ("Relator") in a *qui tam* action against Defendants Andover Subacute & Rehab Center Services One, Inc., Andover Subacute & Rehab Center Services Two, Inc. ("Andover Defendants"), the Estate of Dr. Hooshang Kipiani ("Kipiani") and Dr. Sanjay Jain ("Dr. Jain") in the above-referenced action. On behalf of all counsel, please accept this joint status letter in advance of the telephonic status call scheduled for April 25, 2019 at 3:30 P.M.

      **1)    General Background/Discovery Status**

      This is a *qui tam* matter in which the gravamen of the Relator's contentions focuses on alleged false billing for nursing home care and service to Medicare and Medicaid by the Defendants. The current case management order ("CMO") sets May 30, 2019 for the fact discovery deadline (Doc. No. 66). Currently, there is also a pending Motion to Dismiss ("MTD") filed on April 1, 2019 by the Andover Defendants and Dr. Kipiani (Doc. No. 77). This MTD is scheduled to be heard on the papers by Judge Wigenton on May 6, 2019. Dr. Jain shall be filing a Motion to Dismiss on or before April 22, 2019, pursuant to an extension granted by all parties and the Court.

      As for discovery that has been conducted, the parties have exchanged document requests and interrogatories and responded to same. The Relator has taken two (2) fact witnesses depositions and the Defendants have taken two (2) depositions including the deposition of the Relator. The Relator has served eight (8) subpoenas for documents – and has received responses to most – with one notable exception noted below. Relator has also propounded interrogatories (discussed below) and Requests to Admit directed to the Andover Defendants and Kipiani.

      Relator has asked for deposition dates for Andover's former CEO, Ms. Turco, and hopes that deposition can take place on May 1, 2019. Relator has also noticed two 30(b)(6) depositions for May, as well. Relator has also subpoenaed Medicare and Medicaid claims data from 2009 through 2012 ("Claims Data").

      **2)    Issues to Discuss**

      A.  Document Production. The Defendant, Dr. Kipiani died on October 29, 2012 and the Andover Defendants sold their interest in the nursing home business in 2017 to Alliance Healthcare, LLC ("Alliance"). Although Relators have requested from Defendants all

    billing records and medical records along with other documents from Andover Defendants and Kipiani, for the time period of 2009 to 2015, those Defendants assert that many of the records are not in the those Defendants current possession, but instead assert that most of the day to day records sought by Relator are in the possession of the current owner Alliance. To that end, Relators served subpoenas for those records on Alliance in December 2018 and have been working with Alliance CEO, Mutty Scheinbaum on compliance.  Mr. Scheinbaum, while seeking to be cooperative, has not only been slow in responding to the subpoena but has also asserted that Alliance is not in possession of most of the records requested but instead those records are with Andover Defendants.  Given these two competing assertions, the Relator may require the Court's intervention to help sort out who has what documents/records. The Andover Defendants have agreed to make available for inspection all records in their possession. In a separate filing, anticipated today, the parties will be jointly filing a 37.1 discovery motion related to this issue.

B. Claims Data. As noted, Relator has received and supplied some Claims Data which it received from the Medicare and Medicaid and more Claims Data is forthcoming.  While the Centers for Medicare and Medicaid Services ("CMS"), has been prompt and diligent, the data for the period of 2009 through 2010 has not yet been completed. (Relator has incurred in excess of $27,000 in data costs to date.)  Just last week Relator was advised that it may take several more weeks to compile the additional Medicaid Data.  Relator expects to receive the first full tranche this week and would hope to receive the balance by April 30, 2019.  As such, Relator may need to ask the Court for an extension to obtain the full Claims Data.  Alternatively, Relator has propounded specific interrogatories (discussed below) upon the Andover Defendants and Kipiani designed to elicit the information that the Relator would otherwise have to obtain from the Claims Data. Depending on those Defendants' answers to those interrogatories (due on or before May 13, 2019), the Claims Data and the additional expenditures of money for the Claims Data may not be necessary.  It is the Relator's position, that the Magistrate should inquire as to the Defendants' preliminary point of view as to this issue to pre-empt the need for motion practice in the middle of May.

C. Relator's Interrogatories. On April 12, 2019, Relator served eight (8) interrogatories directed to Andover Defendants and Estate of Kipiani.  These interrogatories were targeted to the Claims Data which would elicit the information that the Relator would otherwise have to obtain from the Claims Data (e.g. date of claim, patient, billing code, amount of claim, amount paid, date paid) for these Defendant's claims – the purpose of which was to have the Defendants authenticate its own claims to Medicare and Medicaid.  Since the initial scheduling Order (Doc. No. 47) provided that interrogatories were to be served on or before November 23, 2019 the Defendants have objected to answering those interrogatories and this issue will be the subject of the forthcoming discovery motion.

A. Statistical Sampling.  As noted, Relator has asked for the relevant medical records related to the alleged false claims. Collectively, the number of potential alleged false claims encompass hundreds of patients and thousands of individual claims from, 2009 through 2015.  The current CEO of Alliance, Mr. Scheinbaum has verbally advised Relator's counsel that it would take a year and full-time staff to make copies of these medical records and the cost would be millions. (Relator's counsel has not independently verified these numbers).  To date, Alliance has not produced any medical records but has promised that a sampling of thirteen (13) patient records will be furnished this week.  Rather than copy all patient charts and incur this enormous cost, the Relator would instead, as is customary, conduct a sampling of an agreed upon number of charts

for purposes of extrapolation those agreed upon numbers with respect to the universe of charts. Defendant objects to the relevancy or admissibility of any such sampling in the context of this case.

B. Extension of Discovery End Date. Although the parties have been working diligently and have prioritized this case over others, Relators are seeking an extension of the discovery end date to complete fact and expert discovery detailed above. On the Relator's side, the Month of May has numerous conflicts for Relator's counsel conflicts because of a hearing in Texarkana, (April 24-26), picking up his college daughter (April 27) and a family vacation to Machu Pichu, Peru (May 8-18). Defendants object to any extension of fact discovery in this case due to the age of the case, the age of one or more important witnesses in this case, and this Court's prior instruction to counsel that they should litigate this case as if it is their only matter. In addition, Dr. Jain's attorney will be unavailable from Thursday, May 2, 2019 and Friday, May 3, 2019 for his son's college graduation. He is also scheduled to begin a wrongful death/medical malpractice trial commencing May 13, 2019 in Monmouth County Superior Court on a matter captioned, <u>Estate of Birnbaum v. Vikas Khanna, M.D.</u>, Docket No. MON-L-4723-14. The trial of this matter will take 3 to 4 weeks to complete, and there is little to no chance of it resolving. The age of this matter ensures that the trial date will not be adjourned. Although, Dr. Jain's counsel would ordinarily be willing for other attorneys at his firm to appear on his behalf at some of the depositions, no one else at the firm has the familiarity with the case and experience with *qui tam* actions, to protect Dr. Jain's interests. Accordingly, Dr. Jain's attorney, Benjamin Haftel, must be present for the depositions of any witnesses in order to adequately protect Dr. Jain's interests and has made himself available for all depositions conducted to date.

C. Relator's remaining fact discovery to be taken is as follows: 1) Relator's Deposition of Carla Turco, Andover's CEO (dates were first requested November 28, 2018; 2) Relator's 30(b)(6) deposition of Andover Defendants. and other 30(b)(6) depositions (Noticed April 14, 2019; 3) Andover Defendants, Estate of Kipiani and/or Alliance production of billing and medical records from 2009 through 2012. (as noted above, it is unclear to Relator who has those records).

D. During this week's deposition, Relator's former co-worker, Ms. Colleen Baxter, testified in her deposition that in 2012 shortly after her being laid off from Andover, she also always retained Relator's counsel Mr. Mininno and Mr. Gorey who have represented her since then (e.g., in Government's investigation, disclosure to Government and presently). She and Relator have agreed to share in any qui tam award from the Government. To that end, there is a written agreement executed by Relator, Mrs. Baxter, and Relator's attorneys. Defendants expect to make motions relating to this disclosure, including with respect to assertions of attorney-client privilege over conversations between Mrs. Baxter and Mr. Armstrong.

E. Experts. Relator anticipates making the initial expert disclosure by April 31, 2019 the date set forth in the CMO. However, depending on the above identified issues, Relator may need leave to extend the date to provide supplemental disclosures to include the additional fact discovery set out above.

Respectfully submitted,

Dated: April 19, 2019

/s Bradford L. Geyer
GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(202) 374-0312
Counsel for Relator

3