GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(856) 607-5708
brad@geyergorey.com

April 22, 2019

Via ECF
Magistrate Judge Steven C. Mannion
United States District Court - NJ
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *United States, ex rel. Armstrong v. Andover, et al.,*
      Civil Action No. (12-3319 SDW)  Joint Discovery Dispute Letter

Dear Judge Mannion:

I represent the Relator, Kenneth Armstrong in this matter against Defendants Andover Subacute & Rehab Center Services One, Inc., Andover Subacute & Rehab Center Services Two, Inc. ("Andover Defendants"), the Estate of Dr. Hooshang Kipiani ("Kipiani") and Dr. Sanjay Jain ("Jain") in the above-referenced action. Hartmann Doherty represents Andover Defendants and Kipiani. Mr. Haftel represents Jain. Please accept this as a joint dispute letter pursuant to the Court's Case Management Order("CMO") (Doc. No. 47). Last week in person and since on email, counsel met and conferred regarding document production in an effort to resolve this dispute.  That effort was not successful.

The Discovery:  RFPD

On December 3, 2018, Relator Served Document Requests to Defendant Andover and Kipiani. (See Exhibit "A"). On January 2, 2019, Defendants responded. (See Exhibit "B").

To date, Relator position is that there has not been a response to this Request.  Relator seeks the document discovery to demonstrate, as is alleged in the Second Amended Complaint, ("SAC"), that claims for payment were submitted to Medicare and Medicaid by Dr. Kipiani and Andover for services even though those services were either not performed or were not eligible for reimbursement. Unfortunately, Relator has come to learn that producing these patient charts and medical records is considered burdensome by the Defendants.  The charts are in paper form and contained in a storage facility in banker boxes. While Relator prefers not to burden the Defendants, absent some agreement as to sampling, Relator must insist that the relevant medical records/patient charts be produced.

It is Andover Defendant's position that in their January 2, 2019 response to Relator's Requests for Production of Documents, agreed to produce for inspection all responsive non-privileged documents in its possession. See Andover Def. Resp. to Rel. RFPD No. 1, 10, 11, 12, 18, 24, 30, 31, Nevertheless, Relator has not inspected those documents.

Last Thursday, in an effort to avoid this motion, Relator asked Andover Counsel the following:

"…if we could be advised whether the records you are making available for inspection contain: 1) 2009-2012 Andover Medicaid/Medicare billing records; 2) Kipiani's Medicare billing records for 2009 through 2012; and 3) Patient charts/medical records for Andover from 2009 through 2012.  If so, then I can withdraw the motion as to any of these.

Andover's counsel response as follows:

1) I need [Andover's former General Counsel] to get back [from vacation] to answer the question.
2) What does it matter?  Either 2009-2012 are there or they are not there, in which case I wouldn't be able to produce them anyway.
My point is: You are submitting a letter demanding to see documents that we have said since Jan 2 are available for your inspection.  I assume the judge is going to ask you: Why haven't you gone to inspect them?

Relator's response to this imagined question is that on March 18, the parties had a telephone conference in an effort to conduct orderly and efficient discovery of documents. In that discussion, several proposals were discussed, and the parties initially considered a process where the Andover Defendants would scan, internally review, host and the share all non-privileged documents with relator.  In that call, we agreed that this process would be labor intensive and expensive and may not be efficient.  Instead, the parties agreed that Counsel for Andover would travel to the storage facility to inspect the documents and was to advise as to the nature and manner how the records were organized and maintained and would further check to see if there are any additional records meeting the RFPD.  It was further agreed that once the parties understood what records were at the storage facility and how they were organized, the parties would then attempt to decide on the best and most efficient means for production.

Counsel for Andover made this inspection on March 25, 2019 and the parties discussed that inspection on March 26, 2019.  At that time, Relator's counsel was advised there were approximately thirty (30) banker's boxes of potential responsive documents that were loosely organized and labelled and among these, there appeared to be some billing records responsive to the RFPD.

On April 1, 2019 Counsel again conferred to discuss whether those billing records in the facility were simply a printout of electronic claims data, and, if such, proposed that there would not be a need to scan and host those numerous boxes when the information was contained in the Medicare and Medicaid claims data.  In order to make this determination, the parties agreed that Andover counsel would bring three (3) boxes to a scheduled deposition on April 3, 2019 so that could make such a determination.

On April 2, the parties again exchanged detailed emails regarding which boxes would be most helpful in making this determination.  Following the April 3rd deposition, counsel reviewed the three (3) boxes of billing records and copies of several of the pages were provided to Relator's counsel to compare to the Medicare data that had already been produced.   Relator's counsel followed up with emails and a phone call to Andover counsel and advised that the records from those three (3) boxes were not related to

claims at issue in this case and therefore any box that contained similar records did not have to be scanned and hosted. This process was efficient and saved time and expenses.

As such, it was agreed that Andover would continue to work through the boxes at the storage facility in the same fashion and on April 10, 2019, Relator asked if additional boxes would be brought to the next deposition. On April 14, 2019, Relator was advised that Andover Counsel had retrieved three (3) additional boxes which might be responsive but was told that because the boxes were heavy, overfilled and difficult to transport they would not be brought to the deposition but instead the relevant documents would be produced. Relator has not yet received those documents.

As a result of the above, Relator's counsel has been under the assumption that a similar process would continue to unfold for the remainder of the documents. This assumption was evidently misplaced as Relator's counsel learned for the first time this week that Andover now was taking the position that Relator had to travel to the facility and inspect and copy "whatever we want."

It is Relator's position that despite great efforts to cooperate and meet Rule 1, that the parties have not been able to work through an efficient process. To date, the Relator has only been provided to inspect three (3) boxes of documents which are unrelated to the claims in this case. Relator seeks the Court's assistance in compelling all of the records or requiring Andover defendants to provide a list of the boxes, details of their contents and if any document is the product of the electronic claims data agree that it need not be copied as it is a printout of discovery obtained from Medicare and Medicaid.

Defendants' response is that all records are available to Plaintiff's counsel for inspection. Although defense counsel has attempted to accommodate Plaintiff's counsel to some extent, defense counsel is unwilling to do the work of Plaintiff's counsel for Plaintiff. The records at issue were, are, and will be available for inspection by Plaintiff's counsel. If they continue to choose not to review those documents, that will be their choice.

For all of the reason herein, all Counsel request a discovery conference.

Respectfully submitted,

Dated: April 22, 2019

/s Bradford L. Geyer
GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(856) 607-5708
Counsel for Relator