GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(856) 607-5708
brad@geyergorey.com

April 23, 2019

Via ECF
Magistrate Judge Steven C. Mannion
United States District Court - NJ
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: *United States, ex rel. Armstrong v. Andover, et al.,*
      *Civil Action No. (12-3319 SDW) Joint Discovery Dispute Letter*

Dear Judge Mannion:

  I represent the Relator, Kenneth Armstrong in this matter against Defendants Andover Subacute & Rehab Center Services One, Inc., Andover Subacute & Rehab Center Services Two, Inc. ("Andover Defendants"), the Estate of Dr. Hooshang Kipiani ("Kipiani") and Dr. Sanjay Jain ("Jain") in the above-referenced action. Hartmann Doherty represents Andover Defendants and Kipiani.  Mr. Haftel represents Jain. Please accept this as a joint dispute letter pursuant to the Court's Case Management Order("CMO") (Doc. No. 47).  Last week, counsel met and conferred regarding interrogatory compliance in an effort to resolve this dispute.  That effort was not successful.

  On April 12, 2019, Relator served eight (8) interrogatories directed to Andover Defendants and Estate of Kipiani. (See Exhibit "A"). These interrogatories were targeted to elicit the information that the Relator would otherwise have to obtain from the Claims Data (e.g. date of claim, patient, billing code, amount of claim, amount paid, date paid) for these Defendant's claims – the purpose of which was to have the Defendants authenticate its own claims to Medicare and Medicaid.

  Defendants object to these interrogatories based on the CMO's provision that interrogatories were to be served on or before November 23, 2019. The Interrogatories demand that Andover Defendants and Estate of Kipiani create lists of claims submitted to Medicare/Medicaid on behalf of Kipiani in 2009-2011.  In addition, Kipiani is deceased and Andover Defendants no longer exist as operating businesses and no longer have any employees or personnel familiar with the substance of the records to which these interrogatories relate (which, in any event, relate to claims submitted by Kipiani and not by Andover Defendants). Therefore, neither Kipiani nor Andover Defendants are capable of providing substantive responses to any of the interrogatories.

      The essence of this dispute is that the Defendants believe the interrogatory deadline has passed.  Meanwhile, Relator's counsel observes that there have been significant exchanges of information with defendants and the successor organization to address what is a challenging state of the historical record, with predecessor and successor organizations pointing at each other, where the medical director is deceased and the organization that would have had knowledge about the claims no longer exists. In essence, it took this long to confirm where the gaps would be and to make targeted interrogatories productive in a context where we have made significant progress over a broad platform of discovery issues.

      For all of the reason herein, all Counsel request a discovery conference.

      Respectfully submitted,

Dated: April 23, 2019

/s Bradford L. Geyer
GeyerGorey LLP
2006 Berwick Drive
Cinnaminson, NJ 08077
(856) 607-5708
Counsel for Relator