

**Cathleen Perez &**
**Alejandro Perez**
**236 Mabel Ann Ave**
**Franklin Lks, NJ 07417**
perezcap@optonline.net
**(201) 906-5167**

To:

**Honorable Claire C. Cecchi U.S.D.J.**
**U.S. District Court for the District of New Jersey**
**50 Walnut Street**
**Newark, New Jersey 07101**

**Re: Perez, et al. v. JPMorgan Chase Bank, N.A. et al.**
<u>**Civil Action No 2:14-cv-02279-CCC-JBC**</u>

**RE: To Keep Court Informed**
Exhibit Related To State Foreclosure Case

**July 25, 2019**

Dear Judge Cecchi,
Good Afternoon,
Previously we have provided a copy to this Honorable Court of our motion as filed in the Superior Court of New Jersey Chancery Division Bergen County, for a more Definite Statement, in our state foreclosure action.

Today, we provide the court with a copy of the Opposition Pleading as filed by the defendant Chase, together with our reply, all filed in the state foreclosure action.

This is being provided to the court **for informational purposes** since the court is currently considering a motion for Abstention as filed by Chase under the Colorado River Doctrine, currently pending before this Honorable Court.

A true copy of submission has been provided to defendants counsel.

**Respectfully Submitted,**

*C Perez*

**Cathleen Perez,**
**Plaintiff pro se'**

*Alejandro Perez*

**Alejandro Perez,**
**Plaintiff pro se'**

**Dated: July 25th, 2019**

*Attached:*

*(1) Attached Defendant Reply to Chase's Letter Dated July 18, 2019 In Response to Plaintiffs Opposition of the Defendants Motion for a More Definite Statement +*

*(2) Attached Chase Letter Brief In Opposition To Perez Defendant Motion To File A More Definite Statement Pursuant To Rule 4:64*

## CERTIFICATION OF SERVICE

That I Cathleen Perez, the Plaintiff/Applicant in the above entitled matter do certify

that I have caused defendant counsel to be served with a True copy of within legal papers

delivered to the address below deposited in the U.S. Post Office on July 25th, 2019:

**DELIVERED VIA U.S. CERTIFIED MAIL :**

**To: JP MORGAN CHASE, N.A.**
**Attn: Attorney for Plaintiffs**
**Cristina Z. Sinclair, Esq.**
**Bertone Piccini, LLP.**
**777 Terrace Avenue, Suite 201**
**Hasbrouck Heights, NJ 07604**

_____

**Cathleen Perez,**
**Plaintiffs pro se'**

**July 25, 2019**

*(1) Attached Defendant"Perez" Reply to Chase's Letter Dated July 18, 2019 In Response to Plaintiffs Opposition of the Defendants Motion for a More Definite Statement*



Cathleen Perez
236 Mabel Ann Ave
Franklin Lks, New Jersey 07417
perezcap@optonline.net
201-906-5167

*Sent Certified USPS & Hand Delivered*
**Hon. Edward A. Jerejian, P.J.Ch.**
**Bergen County Courthouse**
**10 Main Street, Chamber 503**
**Hackensack, NJ 07601**

**RE:**
**JP MORGAN CHASE BANK v**
**CATHLEEN PEREZ et. al**
**DOCKET NO. F-13398-18**

### REPLY TO CHASE' S LETTER DATED JULY 18, 2019 In Response to Plaintiffs Opposition of the Defendants Motion for a More Definite Statement Dated July 18, 2019.

*JULY 19, 2019*

Dear Honorable Judge Jerejian,

Good afternoon,

We are in receipt of plaintiff's opposition to our motion for a more definite statement, and Responds as follows.

**First,** we assert that the plaintiff's complaint for foreclosure is not only insufficient preventing us from forming and intelligent answer, but moreover **lacking indispensable elements as** re stated more fully below.

That **R. 4:64-1(b) (foreclosure actions),** specifically requires that the plaintiff include in the foreclosure complaint:

1

**(11) the names of all parties in interest whose interest is subordinate or affected by the mortgage foreclosure action and, for each party, a description of the nature of the interest, with sufficient particularity to give the court and parties notice of the transaction or occurrence on which the interest is based including recording date of the lien, encumbrance, or instrument creating the interest;**

End.

The above verbatim narrative of **R. 4:64-1(b) is A Rule!  Not an option!** and the plaintiff must comply with the Rule.

For the first time plaintiffs' counsel admits that there is an additional party of interest (Fannie Mae) and as set forth in the rule as republished above they **must** be set forth and identified in the foreclosure complaint together with the nature of their interest, with particularity to give the court and the parties notice of the transaction or occurrence in which the interest is based, including recording date of the lien encumbrance, or instrument creating the interest. *"Emphasis Added"*

**The disclosure as mandated by the rule is an indispensable element of a foreclosure complaint**. and plaintiffs have no right or authority to abrogate the rule.

That what plaintiffs are asking this court to do is to ignore **indispensable elements** of a foreclosure complaint as codified under the rule.

Furthermore it remains undetermined at this time whether the party of in interest is an indispensable party to be added as a plaintiff in the foreclosure complaint.

Additionally plaintiffs give no facts of any assignment empowering them to appear on behalf of anyone, either as a servicer or under agency where they sold the mortgage to the party in interest, claiming to possess an **original note**, an alleged fact which we challenge.

2

Furthermore, if plaintiff Chase does in fact possesses an **original note** which is indispensable when filing a foreclosure complaint, **they do not own or possess the mortgage, nor have they produced any evidence of an assignment.**

**Importantly,** they split the note from the mortgage with one party alleging to possess a note, and another party in interest undeniably possessing a mortgage, which was paid off by the party in interest to plaintiff Chase upon the sale of the mortgage to the party of interest.

**Equally Important,** there is no evidence of a recording of indispensable assignment, authorizing Chase as a servicer or agent.

### PLAINTIFF CHASE EXPANDS CONTROVERSY IN THEIR ANSWER

Chase responds that its Complaint is sufficient because it alleged that it is the holder of the Note and the Mortgage. Chase's allegations are directly contradicted by public records disclosed by Fannie Mae which show that shortly after the execution of the loan documents; Chase transferred the loan to Fannie Mae while Chase remained the servicer. *See* Exhibit A hereto. Specifically, the mortgage loan was sold to the Guaranteed REMIC Pass-Through Certificates Fannie Mae REMIC Trust 2008-7 ("FNMA REMIC 2008 Trust").

First, Chase has not alleged that it is a mere servicer. It alleges that it is the lender as if held the Note and Mortgage continuously since 2008. Second, Although Chase's counsel alleges that the Note in a form negotiated to Chase in its possession (which it will have to prove), its allegations that it remains the mortgagee are belied by Fannie Mae's public disclosure and the notable absence of any evidence of the assignment of the Mortgage to Chase – a necessary condition to enable Chase to prosecute this foreclosure action. The loan level data for the Cathleen and Alejandro Perez loan is shown below and was taken from the Fannie Mae Connect Online Portal.

3

[SCREEN SHOT]



When the loan was sold, the FNMA REMIC 2008 Trust became the loan obligee and the mortgagee. Even if the Note was negotiated back to Chase (which is questionable), it must allege that it is a holder in due course of the Note. Regardless, it is not the mortgagee. Given that Chase transferred the loan in 2008 to Fannie Mae and omitted (either inadvertently or intentionally) recording an assignment is of no consequence. The loan, including the mortgage, was assigned to

4

FNMA REMIC 2008 Trust. If the Mortgage was stripped from the Note in that transaction (which is commonly the case in securitization transactions), Chase, as a servicer, still has no standing to pursue its foreclosure complaint unless it alleges in an amended complaint (and eventually proves) that it had been assigned the mortgage at the time of the filing of this action.

Chase acknowledges the precedent of the Appellate Division's recent decision in Capital One, N.A. v. Peck, 455 N.J. Super. 254 (App. Div. 2018). There, the Appellate Division addressed whether an entity holding a note is different from the entity that held the mortgage may prosecute a foreclosure action. The Appellate Division made clear that was not permissible. "To preclude the possibility of one entity foreclosing on the home while the other enforces the note, we now hold that when the note is separated from the mortgage, the plaintiff in a foreclosure action must demonstrate both possession of the note and a valid mortgage assignment prior to filing the complaint." Id. at 259.

In order to bring a foreclosure action, the plaintiff must allege validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394, 622 A.2d 1353 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547, 642 A.2d 1037 (App. Div. 1994). To have a right to foreclose, or standing, "a party . . . must own or control the underlying debt." Bank of N.Y. v. Raftogianis, 418 N.J Super. 323, 327-28, 13 A.3d 435 (Ch. Div. 2010). Here, the Fannie Mae's public records evidence that it owns the loan. While Fannie Mae's servicer, Chase, may prosecute a foreclosure action it must allege "both possession of the note and a valid mortgage assignment prior to filing the complaint." Capital One, 455 N.J. Super. 259.

Based on the applicable law, Chase cannot proceed with its foreclosure action unless it makes these allegations. If Chase does not have an assignment as required by the Appellate Division in

5

Capital One, the action must be dismissed.[1] If Chase refuses to acknowledge the true facts surrounding the transfer of the loan to Fannie Mae in 2008 and seemingly attempts to conceal the true status of the loan from the defendants and this Court, the defendants are unable to frame a proper responsive pleading. Surely, the Court will not permit Chase to proceed on undisputedly false allegations and require defendants to respond to such allegations. For these reasons, defendants' motion for a more definite statement should be granted.

## Notice of Intent to Foreclose Is Fatally Flawed And Foreclosure Complaint Must Be Dismissed.

Since plaintiff Chase acknowledges for the first time in their answer in opposition to defendants motion for a more Definite Statement. That there is another party in interest (Fannie Mae), It is an indispensable requirement pursuant to the FFA, that the party in interest who holds the mortgage pursuant to a sale of the mortgage to them by plaintiff Chase must be included in Notice Of Intent To Foreclosure, including their name, address and telephone number. This is the law **Not An Option!** .see: (US BANK Nat. Ass'n v. GUILLAUME, Supreme Court of New Jersey decided September term 2011, 209 N.J. 449, 38 A.3 d 570, 2012 N.J. Lexis 162, 2012 WL 603 307 )

In the case of GUILLAUME, the High Court of New Jersey Held: the Fair Foreclosure Act requires that "the foreclosure plaintiffs list on the Notice of intent to foreclose the name and address of the actual lender in addition to contact information for any loan servicer involved in the mortgage..."

"The court over rules BANK OF NEW YORK v LACKS, (citation omitted ) which held when the failure to identify the lender in the notice of intention is raised prior to the entry of the

[1] In that event, defendants will move to dismiss the complaint or any amended pleading.

6

judgement the only remedy available to a trial court is the dismissal of the foreclosure action. The court hold that a trial court adjudicating a foreclosure complaint in which the notice of intention does not comply with N.J.S.A. 2A-50-56 (c – 11). May **dismiss the action without prejudice, order the servicer to corrected notice or impose other appropriate remedies…"**

"The notice of intention served on the GUILLAUME, Did not Comply with the FFA N.J.S.A. 2A-50-56 (c – 11).expressly states that the notice must include the name and address of the lender and the telephone number of a representative of the lender whom the debtor my contact if the debtor disagrees that a default occurred or contests the payment amount needed to cure the default. **The FFA defines "lender as the entity that currently holds the mortgage: therefore, the Legislature has unmistakably directed that a homeowner shall be advised of the exact entity to which he or she owes the balance of the loan.** Although the identification and contact information of a loan servicer is important information to include in the notice, it does not meet the requirements for demonstrating substantial compliance FFA. The court holds that the FFA requires that a notice of intention include the name and the address of the actual lender, in addition to contact information for any loan servicer who is charged by the lender with the responsibility to accept mortgage payments and/or negotiate a resolution of the dispute between the lender and the homeowner. The Court's decision applies retroactively because it is applying the plain language of a 17- year old statue… " *(Emphasis Added).*

The High Court of the State of New Jersey "Supreme Court" has made clear that in a case such as this where the notice of the intent to foreclose is defective in failing to include the name, address and telephone number of the lender (Fannie Mae) **the foreclosure complaint must be dismissed.**

(See copy of notice to foreclose attached.)

7

The problems with the complaint do not stop there. Plaintiff Chase previously gave written notice to the court, that it was **unilaterally** amending the caption of the complaint, without a motion for leave of the court to do so, with the current complaint factual recitation not being amended and remaining inaccurate on details.

Seemingly, Chase for the first time, now discloses thru a letter to the court that there is a party in interest, potentially requiring the amendment of the caption yet again, together with a complete factual recitation as mandated by the rule and set forth more fully above.

**ADDITIONALLY,** the mandatory indispensable Certification as filed by the plaintiff in the complaint stating that there are no other cases filed or pending in any other court, **is erroneous**, wherein the plaintiffs and their counsel knew that we filed a federal civil action related to the mortgage more than 4 years before plaintiffs filed their civil action in this court for foreclosure, creating yet another controversy, and mandating correction.

In closing we assert that the foreclosure complaint as filed and pending before this Honorable Court is legally insufficient, vague, and ambiguous and we cannot reasonably be required to frame a responsive pleading… where the complaint as here is an utter mess!

The plaintiff wrongfully seeks for this Honorable Court to **"re-invent the wheel"** when it comes to law and rules on foreclosure, turning a foreclosure action from a legal proceeding into a **"parlor game"** favoring the plaintiff.

Naturally this is **extremely prejudicial** to the defendants and threatens to compromise the integrity of the state judicial system as a **"fair impartial tribunal", where defendants are equally protected**.

8

**Wherefore** we pray that this Honorable Court will grant the "just" relief sought by the defendants.


*Respectfully Submitted,*


_____
**Cathleen Perez**
July 18, 2019


_____
**Alejandro Perez**
July 18, 2019

## CERTIFICATION OF SERVICE

That I Cathleen Perez, the Defendant/Applicant in the above entitled matter do certify

that I have caused counsel of record and plaintiff counsel to be served with a True copy of within

legal papers delivered to the address below deposited in the U.S. Post Office on July 20, 2019

and hand delivered on July 22, 2019.

**DELIVERED VIA U.S. CERTIFIED MAIL:**

**To: JP MORGAN CHASE, N.A.**
**Attn: Attorney for Plaintiffs**
**Cristina Z. Sinclair, Esq.**
**Bertone Piccini, LLP.**
**777 Terrace Avenue, Suite 201**
**Hasbrouck Heights, NJ 07604**

**Cathleen Perez,**
**Defendant pro se'**

**July 19, 2019**

10

Cathleen Perez
236 Mabel Ann Ave
Franklin Lks, New Jersey 07417
perezcap@optonline.net
201-906-5167

SUPERIOR COURT OF NEW JERSEY

FORECLOSURE PROCESSING SERVICE

PO BOX 971

TRENTON, NJ 08625

*Delivered via  Certified USPS mail.*

RECEIVED

JUL 24 2019

SUPERIOR COURT

July 19, 2019

## ATTN: FORECLOSURE PROCESSING SERVICES
## RE: F-013398-18  Please File

## Attached Defendant's Letter Brief Dated July 18, 2019 In Response to Plaintiffs Opposition of the Defendants Motion for a more Definite Statement Dated July 18, 2019

Superior Court Clerk,

Good Afternoon,

Here attached is Defendant's Response to Plaintiff's opposition of the defendant motion for a more Definite Statement.

to be filed on the Docket F013398.

Also attached please find an attached  pre-paid envelope,  please have both pages date stamped and returned to us in envelope provided.

We thank you in advance.

Have a great day.

Cathy Perez

*Delivered via Certified mail USPS  July 19, 2019*

*Attached Brief Letter*

# EXHIBIT

## <u>NOTICE OF INTENT TO FORECLOSURE</u>

Chase (Mail Code OH4-7399)
P.O. Box 183205
Columbus, OH 43218
For Undeliverable Mail Only



10/24/2017

CCC822 - 1 of 3 NSPGHDLA-Z7 J2054352 0090000

CATHLEEN  PEREZ

Acceleration Warning (Notice of Intent to Foreclose)

Account:                          (the "loan")
Property Address:           NN AVE
                            AKES, NJ 07417 (the "property")

Dear CATHLEEN  P

Our records show that your loan is in default and you have breached the terms of the Mortgage
or Deed of Trust ("Security Instrument") securing your loan.

Under the terms of the Security Instrument, JPMorgan Chase Bank, N.A. ("Chase") hereby
notifies you of the following:

1. You are in default because you have failed to pay the required monthly installments
   commencing with the payment due 04/01/2012.

2. As of 10/24/2017, Total Monthly Payments (including principal, interest, and escrow if
   applicable), late fees, insufficient funds (NSF) fees, and other fees and advances due
   under the terms of your loan documents in the total amount of $203,661.07 are past due.
   This past-due amount is itemized below. If applicable, your account may have additional
   escrow amounts that have been disbursed and are due on the loan.

   If you have questions about the amounts detailed below, please call us as soon as
   possible at 1-800-848-9380.

   | Total Monthly Payments: | $206,216.33 |
   |---|---|
   | Late Fees: | $0.00 |
   | NSF Fees: | $0.00 |
   | Other Fees:[1] | $0.00 |
   | Advances:[1] | $0.00 |
   | Amount Held in Suspense: | $2,555.26 |

   [1]*Other Fees and Advances include those amounts assessed in accordance with
   your loan documents, and/or permitted by applicable law, or that were authorized
   for services rendered.*

You are also responsible for paying any amounts that become due from the date of this
letter through the expiration date set forth in Paragraph 3 below. These amounts may
include, but are not limited to, taxes, insurance, inspection fees, and other fees, as
permitted by your loan documents or applicable law.

3. You have the right to cure the default on or before 11/28/2017, and avoid the initiation of foreclosure proceedings.

4. **Action required to cure the default:** You must pay the Total Monthly Payments listed in Paragraph 2 on or before 11/28/2017, in order to cure this default. All late fees, NSF fees, and other fees and advances are still valid and will need to be repaid under the terms of your loan documents.

5. If you fail to cure the default on or before 11/28/2017, Chase may accelerate the sums secured by the Security Instrument, take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction and sell the property. If this happens, Chase may be entitled to collect its expenses incurred in pursuing the remedies provided in the Security Instrument, which may include, but not be limited to, allowable foreclosure/attorney fees, and other expenses permitted by your loan documents or applicable law, in an amount not to exceed that amount permitted by the Rules Governing the *Courts of the State of New Jersey.*

   You have the right to reinstate after acceleration of the loan and the right to bring a court action to assert the nonexistence of a default, the right to assert in the foreclosure proceeding the nonexistence of a default, or any other defense to acceleration, foreclosure, and sale. In the event we commence a foreclosure proceeding against you, you will still have a right to cure the default prior to entry of the foreclosure judgment pursuant to Section 5 of the Fair Foreclosure Act; however, you will be responsible for our court costs and attorney fees in an amount not to exceed that amount permitted pursuant to the Rules Governing the Courts of the State of New Jersey.

6. If your loan is guaranteed by the Rural Housing Service:
   If the default is not cured by the date referenced above, the account is referred to foreclosure, and the Rural Housing Service pays us a loss claim as a result of a foreclosure, you may be responsible for repaying this claim to the Rural Housing Service. If your personal liability for this account has not been discharged in bankruptcy, the Rural Housing Service may use all options, including those under the Debt Collection Improvement Act (DCIA) to recover the full amounts due. The DCIA provides for the collection of outstanding federal debts through the Treasury Offset Program which allows federal payments such as social security benefits to be reduced or "offset" in order to repay the outstanding debt.

7. In the event that you transfer the property to another person, the transfer is subject to our rights under the Security Instrument. The new owner of the property may have the right to cure the default as provided in the Fair Foreclosure Act.

8. You are advised to seek counsel from an attorney of your own choosing concerning this mortgage default situation. If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral Service in the county in which the property is located. If you are unable to afford an attorney, you may communicate with the Legal Services Office in the county in which the property is located.

9. You are advised of the possible availability of financial assistance for curing a default from programs operated by the State or Federal government or nonprofit organizations, if any, as identified by the Commissioner of Banking and Insurance. A list of such programs issued by the Commissioner is attached.

10. Please note that JPMorgan Chase Bank, N.A. is both the mortgage servicer and lender for your loan. The address for your servicer and lender is listed below. If you disagree with our assertion that a default has occurred or the correctness of our calculation of the amount required to cure the default, or you have questions regarding the remittance instructions below, you can contact Bruno Mejia at:

Mail:           Chase
                Attn: Collections Department
                Mail Code OH4-7356
                3415 Vision Drive
                Columbus, OH 43219-6009

Phone:          1-800-848-9380

11. Kindly remit the Total Monthly Payments due, shown in Paragraph 2 above, to the remittance address listed below. Please note that Chase policy requires certified funds if two insufficient funds (NSF) payments have been received in the last six months. In this event, Chase will not accept a Direct Check, FastPay or SpeedPay. Payments cannot be made at Chase retail bank branches. Please refer to the address below for payment information or call us if you have questions.

Regular Mail:      Attn: Mortgage Cash Operations Department
                   CHASE
                   PO BOX 78420
                   PHOENIX AZ 85062-8420

Overnight Mail:    Attn: Mortgage Cash Operations Department
                   CHASE
                   PO BOX 78420 1820 EAST SKY HARBOR CIRCLE SOUTH
                   PHOENIX, AZ 85034-9700

Except as required by law, we are under no obligation to accept less than the full amount owed. If you send us less than the full amount owed, we may in our sole discretion apply such partial payment to your loan without waiving any default or waiving our right to accelerate the loan and continue with foreclosure proceedings in accordance with Paragraph 5 above.

12. If you are unable to pay the amount past due, Chase has a variety of homeowner assistance options that might help you resolve your default and keep your home; however, we need to talk with you to discuss these options and determine which of them might be appropriate for your circumstances. Please call us as soon as possible at 1-800-848-9380.

13. While the loan remains in default, we will perform certain tasks to protect our interest in the property, including visits to your property at regular intervals during the default. This will be done to determine, as of the date of the inspection, the property condition, occupancy status, and possibly your plans for curing the default and paying this loan on time. You should anticipate that any costs incurred by Chase may be added to the amount you now owe if permitted by your loan documents or applicable law.

Sincerely,

Chase
1-800-848-9380
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-800-848-9380.

Enclosed:
- List of Entities Providing Assistance: New Jersey

CERTIFIED MAIL: Return Receipt Requested and First Class Mail

### Important Legal Information

## We are a debt collector

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, to the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

## Information for Servicemembers and their dependents

If you or any occupant of your home are or recently were on active Military duty or related active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA), state law, or Chase policy. This includes protection from foreclosure or eviction, and in some cases, interest rate benefits. Some protections also may be available if you are the dependent of an eligible Servicemember. Although Servicemember interest rate benefits under the Servicemembers Civil Relief Act don't allow you to defer payments, California law allows for a six-month deferral if certain conditions are met.

For more information, please call Chase Military Services at 1-877-469-0110.

CR46233-J
BR360

## NJ Fair Foreclosure Act Notice of Intent to Foreclose – List of Entities Providing Assistance

| AGENCY NAME | PHONE | ADDRESS | CITY | ZIP |
|---|---|---|---|---|
| American Credit Alliance, Inc | 609-393-5400 | 26 S. Warren Street | Trenton | 08608 |
| Atlantic Human Resources, Inc | 609-346-4131 | 1 S. New York Avenue | Atlantic City | 08401 |
| CCCS of Central New Jersey | 609-586-2574 | 1931 Nottingham Way | Hamilton | 08619 |
| CCCS of New Jersey | 973-267-4324 | 185 Ridgedale Avenue | Cedar Knolls | 07927-1812 |
| Fair Housing Council of Northern New Jersey | 201-489-3552 | 131 Main Street | Hackensack | 07601 |
| Garden State Consumer Credit Counseling, Inc | 800-992-4557 | 225 Willowbrook Road | Freehold | 07728 |
| Jersey Counseling & Housing Development, Inc | 856-227-3683 | 29 S Black Horse Pike | Blackwood | 08012 |
| Jersey Counseling & Housing Development, Inc | 856-541-1000 | 1840 S. Broadway | Camden | 08104 |
| Mercer County Hispanic Association | 609-392-2446 | 200 E. State Street, 2nd Floor | Trenton | 08607 |
| Middlesex County Economic Opportunities Corp | 732-790-3344 | 1215 Livingston Avenue | North Brunswick | 08902 |
| Monmouth County Human Services | 732-431-7998 | Housing Services Unit P.O. Box 3000 | Freehold | 07728 |
| New Jersey Citizen Action (Main Office) | 973-643-8800 1-800-NJ-OWNER (loan counseling) 1-888-TAXES-11 (free tax preparation assistance) | 744 Broad Street, Suite 2080 | Newark | 07102 |
| New Jersey Citizen Action (Central Jersey) | 732-246-4772 | 85 Raritan Avenue, Suite 100 | Highland Park | 08904 |
| New Jersey Citizen Action (South Jersey) | 856-966-3091 | 2 Riverside Drive, Suite 362 | Camden | 08103 |
| Ocean Community Economic Action Now, Inc | 732-244-2351, Ext. 2 | 22 Hyers Street | Toms River | 08753-0773 |
| Paterson Coalition for Housing, Inc | 973-684-5998 | 262 Main Street, 5th Floor | Paterson | 07505 |
| Paterson Task Force for Community Action, Inc | 973-279-2333 | 155 Ellison Street | Paterson | 07505 |
| Puerto Rican Action Board Housing Coalition Unit | 732-249-9700 | 90 Jersey Avenue | New Brunswick | 08903 |
| Tri-County Community Action Agency | 856-451-6330 | 110 Cohansey Street | Bridgeton | 08302 |
| Urban League for Bergen County | 201-568-4988 | 106 W. Palisade Avenue | Englewood | 07631 |
| Urban League for Essex County | 973-624-9535 | 508 Central Avenue | Newark | 07101 |
| Urban League of Union County | 908-351-7200 | 288 N. Broad Street | Elizabeth | 07208 |
| Homelessness Prevention Program New Jersey Department of Community Affairs | 868-889-6270* | | | |

*Basic eligibility is limited to: (a) single family owner/occupied dwellings with all those on the deed and mortgage occupying the house; (b) no more than one mortgage or lien encumbrance on the property; (c) no initiated or ongoing bankruptcy. Assistance will be in the form of a loan, and a lien will be placed on the property. The family must document the financial reason for nonpayment. At the time of the eligibility decision, the household must have and document income sufficient to support the household and repay the loan. There is a fee for the credit check and property search.

As of 06/02/15

Chase (Mail Code OH4-7399)
P.O. Box 183205
Columbus, OH 43218
For Undeliverable Mail Only



10/24/2017

000024 - 1 of 3 NSPGHDLA-Z7 J2054352 0000000
ALEJANDRO PEREZ
█████████████████
█████████████████417

**Acceleration Warning (Notice of Intent to Foreclose)**

Account:          ░░░░░░░░░ the "loan")
Property Address:          NN AVE
                          KES, NJ 07417 (the "property")

Dear ALEJANDRO

Our records show that your loan is in default and you have breached the terms of the Mortgage
or Deed of Trust ("Security Instrument") securing your loan.

Under the terms of the Security Instrument, JPMorgan Chase Bank, N.A. ("Chase") hereby
notifies you of the following:

1.  You are in default because you have failed to pay the required monthly installments
    commencing with the payment due 04/01/2012.

2.  As of 10/24/2017, Total Monthly Payments (including principal, interest, and escrow if
    applicable), late fees, insufficient funds (NSF) fees, and other fees and advances due
    under the terms of your loan documents in the total amount of $203,661.07 are past due.
    This past-due amount is itemized below. If applicable, your account may have additional
    escrow amounts that have been disbursed and are due on the loan.

    If you have questions about the amounts detailed below, please call us as soon as
    possible at 1-800-848-9380.

    | | |
    |---|---|
    | Total Monthly Payments: | $206,216.33 |
    | Late Fees: | $0.00 |
    | NSF Fees: | $0.00 |
    | Other Fees:[1] | $0.00 |
    | Advances:[1] | $0.00 |
    | Amount Held in Suspense: | $2,555.26 |

    [1]*Other Fees and Advances include those amounts assessed in accordance with
    your loan documents, and/or permitted by applicable law, or that were authorized
    for services rendered.*

    You are also responsible for paying any amounts that become due from the date of this
    letter through the expiration date set forth in Paragraph 3 below. These amounts may
    include, but are not limited to, taxes, insurance, inspection fees, and other fees, as
    permitted by your loan documents or applicable law.

3. You have the right to cure the default on or before 11/28/2017, and avoid the initiation of foreclosure proceedings.

4. **Action required to cure the default:** You must pay the Total Monthly Payments listed in Paragraph 2 on or before 11/28/2017, in order to cure this default. All late fees, NSF fees, and other fees and advances are still valid and will need to be repaid under the terms of your loan documents.

5. If you fail to cure the default on or before 11/28/2017, Chase may accelerate the sums secured by the Security Instrument, take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction and sell the property. If this happens, Chase may be entitled to collect its expenses incurred in pursuing the remedies provided in the Security Instrument, which may include, but not be limited to, allowable foreclosure/attorney fees, and other expenses permitted by your loan documents or applicable law, in an amount not to exceed that amount permitted by the Rules Governing the Courts of the State of New Jersey.

   You have the right to reinstate after acceleration of the loan and the right to bring a court action to assert the nonexistence of a default, the right to assert in the foreclosure proceeding the nonexistence of a default, or any other defense to acceleration, foreclosure, and sale. In the event we commence a foreclosure proceeding against you, you will still have a right to cure the default prior to entry of the foreclosure judgment pursuant to Section 5 of the Fair Foreclosure Act; however, you will be responsible for our court costs and attorney fees in an amount not to exceed that amount permitted pursuant to the Rules Governing the Courts of the State of New Jersey.

6. If your loan is guaranteed by the Rural Housing Service:
   If the default is not cured by the date referenced above, the account is referred to foreclosure, and the Rural Housing Service pays us a loss claim as a result of a foreclosure, you may be responsible for repaying this claim to the Rural Housing Service. If your personal liability for this account has not been discharged in bankruptcy, the Rural Housing Service may use all options, including those under the Debt Collection Improvement Act (DCIA) to recover the full amounts due. The DCIA provides for the collection of outstanding federal debts through the Treasury Offset Program which allows federal payments such as social security benefits to be reduced or "offset" in order to repay the outstanding debt.

7. In the event that you transfer the property to another person, the transfer is subject to our rights under the Security Instrument. The new owner of the property may have the right to cure the default as provided in the Fair Foreclosure Act.

8. You are advised to seek counsel from an attorney of your own choosing concerning this mortgage default situation. If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral Service in the county in which the property is located. If you are unable to afford an attorney, you may communicate with the Legal Services Office in the county in which the property is located.

9. You are advised of the possible availability of financial assistance for curing a default from programs operated by the State or Federal government or nonprofit organizations, if any, as identified by the Commissioner of Banking and Insurance. A list of such programs issued by the Commissioner is attached.

10. Please note that JPMorgan Chase Bank, N.A. is both the mortgage servicer and lender for your loan. The address for your servicer and lender is listed below. If you disagree with our assertion that a default has occurred or the correctness of our calculation of the amount required to cure the default, or you have questions regarding the remittance instructions below, you can contact Bruno Mejia at:

Mail:            Chase
                 Attn: Collections Department
                 Mail Code OH4-7356
                 3415 Vision Drive
                 Columbus, OH 43219-6009

Phone:           1-800-848-9380

11. Kindly remit the Total Monthly Payments due, shown in Paragraph 2 above, to the remittance address listed below. Please note that Chase policy requires certified funds if two insufficient funds (NSF) payments have been received in the last six months. In this event, Chase will not accept a Direct Check, FastPay or SpeedPay. Payments cannot be made at Chase retail bank branches. Please refer to the address below for payment information or call us if you have questions.

Regular Mail:        Attn: Mortgage Cash Operations Department
                     CHASE
                     PO BOX 78420
                     PHOENIX AZ 85062-8420

Overnight Mail:      Attn: Mortgage Cash Operations Department
                     CHASE
                     PO BOX 78420 1820 EAST SKY HARBOR CIRCLE SOUTH
                     PHOENIX, AZ 85034-9700

Except as required by law, we are under no obligation to accept less than the full amount owed. If you send us less than the full amount owed, we may in our sole discretion apply such partial payment to your loan without waiving any default or waiving our right to accelerate the loan and continue with foreclosure proceedings in accordance with Paragraph 5 above.

12. If you are unable to pay the amount past due, Chase has a variety of homeowner assistance options that might help you resolve your default and keep your home; however, we need to talk with you to discuss these options and determine which of them might be appropriate for your circumstances. Please call us as soon as possible at 1-800-848-9380.

13. While the loan remains in default, we will perform certain tasks to protect our interest in the property, including visits to your property at regular intervals during the default. This will be done to determine, as of the date of the inspection, the property condition, occupancy status, and possibly your plans for curing the default and paying this loan on time. You should anticipate that any costs incurred by Chase may be added to the amount you now owe if permitted by your loan documents or applicable law.

Sincerely,

Chase
1-800-848-9380
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-800-848-9380.

Enclosed:
- List of Entities Providing Assistance: New Jersey

CERTIFIED MAIL: Return Receipt Requested and First Class Mail

### Important Legal Information

### We are a debt collector

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, to the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

### Information for Servicemembers and their dependents

If you or any occupant of your home are or recently were on active Military duty or related active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA), state law, or Chase policy. This includes protection from foreclosure or eviction, and in some cases, interest rate benefits. Some protections also may be available if you are the dependent of an eligible Servicemember. Although Servicemember interest rate benefits under the Servicemembers Civil Relief Act don't allow you to defer payments, California law allows for a six-month deferral if certain conditions are met.

For more information, please call Chase Military Services at 1-877-469-0110.

CR46233-J
BR360

## NJ Fair Foreclosure Act Notice of Intent to Foreclose – List of Entities Providing Assistance

| AGENCY NAME | PHONE | ADDRESS | CITY | ZIP |
|---|---|---|---|---|
| American Credit Alliance, Inc | 609-393-5400 | 26 S. Warren Street | Trenton | 08608 |
| Atlantic Human Resources, Inc | 609-348-4131 | 1 S. New York Avenue | Atlantic City | 08401 |
| CCCS of Central New Jersey | 609-588-2574 | 1931 Nottingham Way | Hamilton | 08619 |
| CCCS of New Jersey | 973-267-4324 | 185 Ridgedale Avenue | Cedar Knolls | 07927-1812 |
| Fair Housing Council of Northern New Jersey | 201-489-3552 | 131 Main Street | Hackensack | 07601 |
| Garden State Consumer Credit Counseling, Inc | 800-992-4557 | 225 Willowbrook Road | Freehold | 07728 |
| Jersey Counseling & Housing Development, Inc | 856-227-3683 | 29 S Black Horse Pike | Blackwood | 08012 |
| Jersey Counseling & Housing Development, Inc | 856-541-1000 | 1840 S. Broadway | Camden | 08104 |
| Mercer County Hispanic Association | 609-392-2446 | 200 E. State Street, 2nd Floor | Trenton | 08607 |
| Middlesex County Economic Opportunities Corp | 732-790-3344 | 1215 Livingston Avenue | North Brunswick | 08902 |
| Monmouth County Human Services | 732-431-7998 | Housing Services Unit P.O. Box 3000 | Freehold | 07728 |
| New Jersey Citizen Action (Main Office) | 973-643-8800 1-800-NJ-OWNER (loan counseling) 1-888-TAXES-11 (free tax preparation assistance) | 744 Broad Street, Suite 2080 | Newark | 07102 |
| New Jersey Citizen Action (Central Jersey) | 732-246-4772 | 85 Raritan Avenue, Suite 100 | Highland Park | 08904 |
| New Jersey Citizen Action (South Jersey) | 856-966-3091 | 2 Riverside Drive, Suite 362 | Camden | 08103 |
| Ocean Community Economic Action Now, Inc | 732-244-2351, Ext. 2 | 22 Hyers Street | Toms River | 08753-0773 |
| Paterson Coalition for Housing, Inc | 973-684-5998 | 262 Main Street, 5th Floor | Paterson | 07505 |
| Paterson Task Force for Community Action, Inc | 973-279-2333 | 155 Ellison Street | Paterson | 07505 |
| Puerto Rican Action Board Housing Coalition Unit | 732-249-9700 | 90 Jersey Avenue | New Brunswick | 08903 |
| Tri-County Community Action Agency | 856-451-6330 | 110 Cohansey Street | Bridgeton | 08302 |
| Urban League for Bergen County | 201-568-4988 | 106 W. Palisade Avenue | Englewood | 07631 |
| Urban League for Essex County | 973-624-9535 | 508 Central Avenue | Newark | 07101 |
| Urban League of Union County | 908-351-7200 | 288 N. Broad Street | Elizabeth | 07208 |
| Homelessness Prevention Program New Jersey Department of Community Affairs | 866-889-6270* | | | |

*Basic eligibility is limited to: (a) single family owner/occupied dwellings with all those on the deed and mortgage occupying the house; (b) no more than one mortgage or lien encumbrance on the property; (c) no initiated or ongoing bankruptcy. Assistance will be in the form of a loan, and a lien will be placed on the property. The family must document the financial reason for nonpayment. At the time of the eligibility decision, the household must have and document income sufficient to support the household and repay the loan. There is a fee for the credit check and property search.

As of 06/02/15

## EXHIBIT

## FANNIE MAE SCREEN SHOT



*(2) Attached Chase Letter Brief In Opposition To Perez Defendant
Motion To File A More Definite Statement Pursuant To Rule 4:64*

# BERTONE | PICCINI

ATTORNEYS AT LAW

BERTONE PICCINI LLP
777 TERRACE AVENUE, SUITE 201
HASBROUCK HEIGHTS, NJ 07604
T. 201.483.9333   F. 201.483.9187
www.bertonepiccini.com

CRISTINA SINCLAIR
Direct: 201.399.7235
csinclair@bertonepiccini.com

July 18, 2019

**Via eCourts**
Hon. Edward A. Jerejian, P.J.Ch.
Bergen County Courthouse
10 Main Street, Chambers 503
Hackensack, NJ 07601

> Re:   JPMorgan Chase Bank, National Association v. Cathleen Perez, et al.
>        Docket No. F-13398-18

Dear Judge Jerejian:

This firm represents Plaintiff JPMorgan Chase Bank, National Association ("Chase") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in opposition to the Motion to File [sic] a More Definite Statement pursuant to Rule 4:6-4 ("the Motion") filed by Defendants, Cathleen Perez and Alejandro Perez ("Defendants").

Rule 4:6-4 provides that a defendant may file a motion seeking a more definite statement, when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading ... ." The Rule further provides that "[t]he motion shall point out the defects complained of and the details desired." In their Motion papers Defendants complain that the Foreclosure Complaint ("the Complaint") fails to state whether Chase filed the Complaint on its own behalf as the "Holder of the Note (in controversy)" or under "agency as the servicer of the Mortgage ... ." See Defendants' Certification in support of Motion at ¶6. They also complain that Chase failed to disclose the *lis pendens* on the property and that the Complaint is "so vague" that they are unable to file an answer. Id. at ¶7, ¶12. However, as detailed herein, Chase's Complaint is properly pled as required by the Court Rules, specifically Rule 4:64-1, and the Motion should be denied. See Complaint attached as Exhibit A to Certification of Cristina Z. Sinclair, Esq. ("Sinclair Cert.").

Defendants contend that the Complaint is vague because it fails to identify that the investor in the mortgage is Federal National Mortgage Association ("Fannie Mae"). However, neither the Court Rules nor the case law require that a foreclosure action be brought in the name of the investor in the loan. The courts have recognized that because a servicer administers loans and collects and

Hon. Edward A. Jerejian, P.J.Ch.
July 18, 2019
Page 2

distributes funds due from the borrowers, servicers typically are given the authority to prosecute foreclosure proceedings. See Bank of New York v. Raftoganis, 418 N.J. Super. 323, 333 (App. Div. 2010). Accordingly, foreclosure actions may be brought in the name of the servicer and Chase is not required to name Fannie Mae as a party in the Complaint. See Capital One, N.A. v. Peck, 455 N.J. Super. 254 (App. Div. 2018). Thus, the fact that Fannie Mae is an investor in Defendants' mortgage does not strip Chase of its right, as the holder of the Note and the Mortgage, to proceed with this foreclosure.

A mortgagee may establish standing to foreclose by demonstrating either possession of the note or an assignment of mortgage predating the filing of the complaint. See Deutsche Bank v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012)(citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 225 (App. Div. 2011)(holding that foreclosing lender must own or control underlying debt to have standing). The debt is here is reflected by the note, which is a negotiable instrument as defined by N.J.S.A. 12A:3-104. See N.J.S.A. 12A:3-104 (stating negotiable instruments evidence promise to repay money made payable to order at issuance and do not include additional undertakings or obligations other than repaying money). Chase is in possession of the original note and is identified is the lender on the mortgage. Chase therefore has standing to foreclose in its own name and is the proper plaintiff in this action.[1]

Defendants further complain that the Complaint fails to identify the *lis pendens*. In support of that argument Defendants cite to Rule 4:64-1(b)(11), which requires that a foreclosure complaint name "all parties in interest whose interest is subordinate or affected by the mortgage foreclosure action ... ." However, the *lis pendens* is not a subordinate interest in the property. Rather, it is a notice to the public of the pendency of litigation that may affect a party's interest in the property. See N.J.S.A. 20:3-10 (defining *lis pendens* as notice of pendency of action affecting interests in property that is subject of pending action). As such, a *lis pendens* is a notice to the public of the pending litigation that is recorded *after* a foreclosure action is filed and does not represent a subordinate interest in the property that needs to be named in a foreclosure complaint. Id. Defendants have otherwise not identified any person or entity with an interest in the property subordinate to that of Chase that was not named in the foreclosure action but should have been. Thus, this argument is without merit.

Finally, Defendants complain that the Complaint is so vague that they cannot respond.[2] Yet, Chase clearly pled each of the elements of a foreclosure action. The requirements for establishing a

---

[1] By letter dated July 1, 2019, counsel to Chase offered to make the original loan documents available for inspection by Defendants in order that they may satisfy for themselves that Chase possesses those documents. See Exhibit B to Sinclair Cert. However, Defendants have not responded to that offer. See Sinclair Cert. at ¶5.

[2] Defendants raise the issue that prior counsel submitted a certification pursuant to Rule 4:5-1 when it filed the Complaint stating that there were no pending, related actions. This issue is not relevant to this Motion seeking a more definite statement. Nonetheless, as this Court is aware from prior proceedings, that certification has been acknowledged to be an error and as the Court and the parties are well aware there is a pending action in the United States District Court, District of New Jersey, in which Defendants are suing Chase for breach of contract and other claims based on Chase's alleged failure to give Defendants a loan modification for which they claim they qualified. Chase will gladly file an amended complaint or an amended

Hon. Edward A. Jerejian, P.J.Ch.
July 18, 2019
Page 3

*prima facie* right to foreclose a mortgage are long standing. Under New Jersey law, the only material issues in a foreclosure proceeding that need to be established are: (1) the mortgage and loan documents are valid; (2) the mortgage is in default; and (3) as a result of the default there is a contractual right to foreclosure. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In the Complaint, Chase identifies the mortgage and note, see Exhibit A to Sinclair Cert. at ¶¶1-3, that the mortgage is in default, id. at ¶7, and that there is a contractual right to foreclose, id. at ¶¶4-8. Moreover, Defendants already filed a Motion to Dismiss the Complaint pursuant to Rule 4:6-2, which was denied by this Court. See Exhibit C to Sinclair Cert. It is therefore undeniable that the Complaint is properly pled as required by the Court Rules and the Motion should be denied.

Based on the foregoing reasons Chase respectfully requests that the Court deny Defendants' Motion to File [sic] a More Definite Statement pursuant to Rule 4:6-4. Your Honor's attention to this matter is appreciated.

Respectfully submitted,

BERTONE PICCINI LLP

/s/ *Cristina Z. Sinclair*

Cristina Z. Sinclair, Esq.

CZS/sg
cc:     Cathleen and Alejandro Perez

---

certification correcting this oversight if the Court so directs. However, this error does not render Chase's Complaint vague or ambiguous nor does it provide a legal basis for seeking a more definite statement.

{00247401}

Cristina Z. Sinclair, Esq. - Attorney # 02899-1998
**BERTONE PICCINI, LLP**
777 Terrace Avenue, Suite 201
Hasbrouck Heights, New Jersey 07604-3112
(201) 483-9333
*Attorneys for Defendant,* JPMorgan Chase Bank, National Association

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>Plaintiffs,<br><br>vs.<br><br>CATHLEEN PEREZ; MR. PEREZ, HUSBAND OF CATHLEEN PEREZ; ALEJANDRO PEREZ; MRS. ALEJANDRO PEREZ, HIS WIFE; PORCELLO ENGINEERING INC.; UNITED STATES OF AMERICA DEFENDANT(S),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: F- 013398-18<br><br>**CERTIFICATION OF<br>CRISTINA Z. SINCLAIR, ESQ.<br>IN OPPOSITION TO DEFENDANTS'<br>MOTION TO "FILE A MORE DEFINITE<br>STATEMENT PURSUANT TO RULE 4:6-4"** |

I, Cristina Z. Sinclair, Esq., of full age, do certify as follows:

1.      I am an attorney-at-law of the State of New Jersey and am of counsel at Bertone Piccini LLP. I am one of the attorneys responsible for the handling of this matter on behalf of plaintiff JPMorgan Chase Bank, National Association ("Chase") and, as such, am fully familiar with the facts and statements made herein. I make this Certification based upon my own personal knowledge obtained from handling this matter as well as pleadings filed in this litigation and publicly recorded documents.

2.      I submit this Certification in opposition to the Motion to File [sic] a More Definite Statement pursuant to Rule 4:6-4 ("the Motion") filed by Defendants, Cathleen Perez and Alejandro Perez ("Defendants").

3.      Attached hereto as Exhibit A is a true and accurate copy of Chase's Foreclosure Complaint.

4.      Attached hereto as Exhibit B is a true and accurate copy of my letter dated July 1,

2019, to Defendants.

5.      To date, Defendants have not responded to my July 1, 2019, correspondence.

6.      Attached hereto as Exhibit C is a true and accurate copy of the Court's August 31,

2018 Order denying Defendants' Motion to Dismiss.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of

the foregoing statements are willfully false, I am subject to punishment.

**BERTONE PICCINI LLP**
*Attorneys for Defendant,*
JPMorgan Chase Bank, National Association

By:     s/ Cristina Z. Sinclair
        Cristina Z. Sinclair, Esq.

Dated: July 18, 2019

2

# EXHIBIT A

| **FORECLOSURE** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| **CASE INFORMATION** | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA ☐ MO |
| **STATEMENT** | RECEIPT NO: |
| **(FCIS)** | AMOUNT: |
| Use for initial Chancery Division — General Equity | |
| foreclosure pleadings (not motions) under Rule 4:5-1. | OVERPAYMENT: |
| Pleading will be rejected for filing, under Rule 1:5-6(c), if | BATCH NUMBER: |
| information is not furnished or if attorney's signature is not | |
| affixed. | BATCH DATE: |



*SECTION A: TO BE COMPLETED BY ALL PARTIES*

| CAPTION | COUNTY OF VENUE |
|---|---|
| | BERGEN |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION vs. CATHLEEN PEREZ et al. | DOCKET NUMBER (When available) |

| NAME OF FILING PARTY(IES) (e.g., John Doe, Plaintiff) | DOCUMENT TYPE | | |
|---|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, PLAINTIFF | ☒ COMPLAINT | ☐ ANSWER | ☐ OTHER |

| ATTORNEY NAME (IF APPLICABLE) | FIRM NAME (If applicable) |
|---|---|
| Matthew Gross, Esq. | Phelan Hallinan Diamond & Jones, PC |
| MAILING ADDRESS | DAYTIME TELEPHONE NUMBER |
| 400 Fellowship Road, Suite 100 | |
| Mt. Laurel, NJ 08054 | 856-813-5500 |

*SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT*

| FORECLOSURE CASE TYPE NUMBER | IS THIS A HIGH RISK MORTGAGE PURSUANT TO P.L.2009,c.84 AND P.L.2008,c.127 ☐ YES ☒ NO |
|---|---|
| ☐088 IN PERSONAM TAX FORECLOSURE<br>☐089 IN REM TAX FORECLOSURE<br>☒0RF RESIDENTIAL MORTGAGE FORECLOSURE<br>☐0CF COMMERCIAL MORTGAGE FORECLOSURE<br>☐0CD CONDOMINIUM OR HOMEOWNER'S ASSOCIATION LIEN<br>    FORECLOSURE<br>☐091 STRICT FORECLOSURE<br>☐OFP OPTIONAL FORECLOSURE PROCEDURE (NO SALE) | PURCHASE MONEY MORTGAGE ☐ YES ☒ NO<br><br>RELATED PENDING CASE ☐ YES ☒ NO<br>IF YES, LIST DOCKET NUMBERS: |

| FULL PHYSICAL STREET ADDRESS OF PROPERTY: | MUNICIPALITY CODE(*) 0220 |
|---|---|
| 236 MABLE ANN AVE, FRANKLIN LAKES, NJ 07417-1912 COMMONLY KNOWN AS 236 MABLE ANN AVE, BOROUGH OF FRANKLIN LAKES, NJ 07417-1912 | MUNICIPAL BLOCK: 2504.01 |
| ZIP CODE: 07417          COUNTY: BERGEN | (LOTS): 9 |

*ALL FILING PARTIES MUST SIGN AND PRINT NAME(S) AND DATE THE FORM BELOW*

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

| ATTORNEY/SELF REPRESENTED SIGNATURE | PRINT ATTORNEY/SELF REPRESENTED NAME | DATE |
|---|---|---|
| /s/ Matthew Gross          Matthew Gross, Esq. | | June 13, 2018 |

*The Municipality Codes are available at http://www.judiciary.state.nj.us/forms/CN11343_municodes_11-9-2009.pdf

Revised Effective 11/9/2009, CN 10169

**806919\*\*\***
**PHELAN HALLINAN DIAMOND & JONES, PC**
Matthew Gross, Esq. ID No. 053122014
400 Fellowship Road Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorney for Plaintiff

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br>   PLAINTIFF<br><br>Vs.<br><br>CATHLEEN PEREZ;<br>MR. PEREZ, HUSBAND OF CATHLEEN PEREZ;<br>ALEJANDRO PEREZ;<br>MRS. ALEJANDRO PEREZ, HIS WIFE;<br>PORCELLO ENGINEERING INC.;<br>UNITED STATES OF AMERICA<br>   DEFENDANT(S) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO:<br><br>CIVIL ACTION<br>FORECLOSURE COMPLAINT |

   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, having its place of

business at 3415 VISION DRIVE, COLUMBUS, OH 43219 by way of Complaint says:

FIRST COUNT

   1. On January 25, 2008, CATHLEEN PEREZ and ALEJANDRO PEREZ, executed to

JPMORGAN CHASE BANK, N.A. an obligation (NOTE), to secure the sum of $417,000.00,

payable on February 1, 2038, with the initial rate of interest of 5.125 % per annum, payable by

payments of $2,270.51 per month for interest and principal. The Note further provides for a late

charge of 5 percent for any payment not received 15 days from the date due.

   2. To secure the payment of the obligation described in Paragraph 1, CATHLEEN

PEREZ and ALEJANDRO PEREZ executed to JPMORGAN CHASE BANK, N.A. a NON

PURCHASE MONEY MORTGAGE on the same date as the Note, and thereby conveyed to it,

- 2 -

in fee the land hereinafter described, on the express condition that such conveyance should be

void if payment should be made at the time and times, and in the manner described in the

obligation. The Mortgage was recorded in the Office of the Clerk of BERGEN County, in Book

17190, Page 566. The Mortgage was recorded February 25, 2008.

    a.  The Plaintiff is the holder of the Note.

    b.  CATHLEEN PEREZ is aka C HANENBERG PEREZ

    c.  CATHLEEN PEREZ is aka CATHLEEN H. PEREZ

    d.  ALEJANDRO PEREZ is aka ALEJANORO V. PEREZ

3. The full physical address of the mortgaged premises that is the land that secures the

Note, is 236 MABLE ANN AVE, FRANKLIN LAKES, NJ 07417-1912 commonly known as

236 MABLE ANN AVE, BOROUGH OF FRANKLIN LAKES, NJ 07417-1912. A description

of the property as contained within the recorded mortgage is listed below with any additional

relief sought in the form of a reformation of the below description set forth in a subsequent count

herein (if applicable).

> All that certain tract or parcel of land, situated, lying and being in the Borough of
> Franklin Lakes in the County of Bergen and the State of New Jersey, more
> particularly described as follows:
>
> TRACT I:
>
> BEGINNING at a point in the southerly line of proposed street to be known as Mable
> Ann Avenue (fifty feet wide), said point of beginning being distant 825 feet from the
> easterly line of Pulis Avenue (thirty-three feet wide) along the southerly line of
> Mable Ann Avenue, also said southerly line of Mable Ann Avenue being distant 350
> feet parallel with the southerly line of the New York Susquehanna and Western
> Railroad and running thence (1) easterly along said southerly line of Mable Ann
> Avenue 75 feet to the southeasterly line of Pierre Street; thence (2) southerly at right
> angles to said Mable Ann Avenue 150 feet to a point; thence (3) westerly and parallel
> with the first course 75 feet to a point; thence (4) northerly, and parallel with the

second course 150 feet to the point or place of BEGINNING.

TRACT II:

BEGINNING at a point in the southwesterly line of Mable Ann Avenue where the same is intersected by the center line of Pierre Street; thence (1) along the center line of Pierre Street South 39 degrees 59 minutes 29 seconds West 150.00 feet to a point; thence (2) north 50 degrees 00 minutes 31 seconds West 25.00 feet to a point; thence (3) along the northwesterly line of Pierre Street North 39 degrees 59 minutes 29 seconds East 150.00 feet to a point in the southwesterly line of Mable Ann Avenue; thence (4) along the same south 50 degrees 00 minutes 31 seconds East 25.00 feet to the point or place of BEGINNING.

The said premises are more particularly described in accordance with a Survey made by Howard E. Post, L.S., dated June 11, 1996, as follows:

BEGINNING at a point in the southerly line of Mable Ann Avenue (50 feet wide) said point being distant 815.86 feet along said line on a course of South 50 degrees 00 minutes 31 seconds East from the point formed by the intersection of the westerly prolongation of said southerly line with the northerly prolongation of the easterly line of Pulis Avenue (50 feet wide) and running (1) South 50 degrees 00 minutes 31 seconds East along the southerly line of Mable Ann Avenue 100.00 feet to a point in the former centerline of Pierre Street, now vacated; thence (2) South 39 degrees 59 minutes 29 seconds West along said line 150.00 feet to a point; thence (3) North 50 degrees 00 minutes 31 seconds West 100.00 feet to a point; thence (4) North 39 degrees 59 minutes 29 seconds East 150.00 feet to a point in the southerly line of Mable Ann Avenue and the point of BEGINNING.

FOR INFORMATION ONLY:

Being Commonly Known as 236 Mable Ann Avenue, Franklin Lakes, New Jersey.

Being Also Known as Lot 9 in Block 2504.01 on the Tax Map of the Borough of Franklin Lakes.

    4. The Mortgage contains a provision that, if applicable, together with, and in addition to,

the monthly payments of principal and interest payable under the terms of the Promissory Note,

the Mortgagors will pay each month, on the payment due date as set forth in the Note, until such

time as the Note is paid in full, any amounts required to be paid proportionately from escrow,

including, but not limited to, taxes and insurance on the premises.

5. No other instruments appear of record which affect or may affect the premises described in Paragraph 3 except:

    a. MR. PEREZ, HUSBAND OF CATHLEEN PEREZ is hereby named a party defendant herein for any lien, claim or interest he may have in, to, or on the mortgaged premises, which were acquired after the date of the mortgage, because he is the husband of CATHLEEN PEREZ and it not being known whether or not she is married. This defendant is also joined for any lien, claim or interest he may have in, to or on the mortgaged premises by virtue of the Domestic Partnership Act N.J.S 26:8A-6. The mortgage loan documents establish that at the time of the mortgage CATHLEEN PEREZ and ALEJANDRO PEREZ were married.

    b. MRS. ALEJANDRO PEREZ, HIS WIFE is hereby named a party defendant herein for any lien, claim or interest she may have in, to, or on the mortgaged premises, which were acquired after the date of the mortgage, because she is the wife of ALEJANDRO PEREZ and it not being known whether or not he is married. This defendant is also joined for any lien, claim or interest she may have in, to or on the mortgaged premises by virtue of the Domestic Partnership Act N.J.S 26:8A-6. The mortgage loan documents establish that at the time of the mortgage ALEJANDRO PEREZ and CATHLEEN PEREZ were married.

    c. PORCELLO ENGINEERING INC. is hereby named a party defendant herein for any lien, claim or interest it may have in, to, or on the mortgaged premises by virtue of the following JUDGMENT.

- 5 -

       i. FRED PORCELLO versus CATHY PEREZ, ALEX PEREZ filed in the

          Superior Court of New Jersey, Judgment No: J-234996-2014 entered on

          December 2, 2014 in the amount of $19,882.80 plus cost and interest.

    d. UNITED STATES OF AMERICA is hereby named a party defendant herein for

      any lien, claim or interest it may have in, to, or on the mortgaged premises by

      virtue of the following FEDERAL TAX LIEN.

        i. UNITED STATES OF AMERICA versus ALEJANDRO PEREZ & C.

           HANENBERG PEREZ, dated February 16, 2017 and recorded February

           28, 2017 in Book 2548, Page 31 in the amount of $38,605.17.

6. The note contains an agreement that if the borrower defaults by failing to pay in full any monthly payments, then Lender may require immediate payment in full of the principal balance remaining due and all accrued interest.

7. The obligor(s) has/have failed to make the installment payment due on April 1, 2012, and all payments becoming due thereafter. Therefore, the loan is in default.

8. As a result of said default, plaintiff hereby elects and declares that the whole unpaid principal sum due on the Note and Mortgage, along with the all unpaid interest, advances, fees and costs, shall be accelerated and is now due and payable.

9. Any interest or lien which the defendants have, or claim to have, in or upon the mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

10. Notice was sent in compliance with the Fair Foreclosure Act more than 30 days prior to filing of the within complaint.

WHEREFORE, plaintiff demands judgment:

a. Fixing the amount due on its mortgage.

b. Barring and foreclosing the defendants and each of them of all equity of

   redemption in to said lands.

c. Directing that the plaintiff be paid the amount due on its mortgage with Interest

   and costs.

d. Adjudging that said lands be sold according to law to satisfy the amount due

   plaintiff.

e. Appointing a receiver of rents, issues and profits of said lands.

SECOND COUNT

1. By the terms of the Note/Bond and Mortgage referred to in paragraphs # 1 and # 2 of the First Count of this Complaint, the plaintiff is entitled to possession of the tract of land with the appurtenances as more particularly described in paragraph # 3 of the First Count.

2. On April 1, 2012, the mortgage went in default. An installment of principal and interest, and if applicable, insurance and taxes was due and has not been received by the plaintiff.

3. The plaintiff, by the terms of the Note/Bond and Mortgage, is entitled to possession of the premises described in paragraph # 3 of the First Count of this Complaint except as against those tenants protected under N.J.S.A. 2A: 18-61.1, et seq.

4. The defendants named in paragraph # 1 and paragraph # 5 of the First Count of this Complaint have or may claim to have certain rights in the premises described in paragraph # 3 of the First Count of this Complaint and by reason thereof have since the date set forth in paragraph # 2 above deprived the plaintiff herein of the possession of the premises aforesaid.

WHEREFORE, Plaintiff demands judgment against defendants except those persons protected under N.J.S.A. 2A: 18-61.1, et seq.;

      a.  For possession of the said premises to plaintiff, its successors or assignee and/or the purchaser at a foreclosure sale.

      b.  For damages for mesne profits.

      c.  For costs.

- 8 -

## THIRD COUNT

It having been revealed that the property address on the Plaintiff's mortgage and Note were incorrectly stated as 236 Mabel Ann Ave, Franklin Lakes, NJ 07417 requiring reformation, the plaintiff desires its mortgage documents to be reformed to correct the property address description to 236 Mable Ann Ave, Franklin Lakes, NJ 07417.

WHEREFORE it is respectfully requested that the mortgage documents be reformed to reflect the correct mortgage address and the Final Judgment entered in this matter provided for reformation of the plaintiff's mortgage documents so as to correct the clerical error set forth therein.

PHELAN HALLINAN DIAMOND & JONES, PC

/s/ Matthew Gross
Matthew Gross, Esq.
Attorney for Plaintiff

Dated: June 13, 2018

- 9 -

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I hereby certify that all confidential personal identifiers have been redacted from documents

now submitted to the court, and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).

PHELAN HALLINAN DIAMOND & JONES, PC

/s/ Matthew Gross
Matthew Gross, Esq.
Attorney for Plaintiff

Dated: June 13, 2018

CERTIFICATION

In accordance with Rule 4:5-1(b)(2), I hereby certify that pursuant to Rule 4:64-1(a),

prior to filing the within complaint, I have caused a title search of the public record to be made

for the purpose of identifying any lien holders or other persons or entities with an interest in the

property that is the subject of this foreclosure.

PHELAN HALLINAN DIAMOND & JONES,

PC

/s/ Matthew Gross
Matthew Gross, Esq.
Attorney for Plaintiff

Dated: June 13, 2018

- 1 -

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy in this Complaint is not the subject of any other action pending in any other Court nor is it the subject of a pending Arbitration proceeding, nor are any other actions or Arbitration proceedings contemplated, and further, to the best of my knowledge, all parties who should be joined in this action have been joined, plaintiff however reserves its right to institute a deficiency suit following the foreclosure consistent with the appropriate New Jersey Statutes.

PHELAN HALLINAN DIAMOND & JONES, PC

/s/ Matthew Gross
Matthew Gross, Esq.
Attorney for Plaintiff

Dated: June 13, 2018

**806919**
**PHELAN HALLINAN DIAMOND & JONES, PC**
Matthew Gross, Esq. ID No. 053122014
400 Fellowship Road Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorney for Plaintiff

| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION PLAINTIFF | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION BERGEN COUNTY |
|---|---|
| vs. | DOCKET NO: |
| CATHLEEN PEREZ, ET AL. DEFENDANT (S) | CIVIL ACTION CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT TO RULE 1:5-6(c)(1)(E) AND RULE 4:64-1(a)(2) and (a)(3) |

Matthew Gross, Esq., of full age, hereby certifies and says:

1. On June 26, 2018, I communicated by written communication with the following named employee(s) of JPMorgan Chase Bank, N.A., who stated that he/she personally reviewed the complaint on June 22, 2018 to be filed with the court and that he/she confirmed compliance with *Rule* 4:64-1(b)(1) through (b)(10) and (b)(12) through (b)(13).

2. The name, title and responsibilities of the plaintiff's employee(s) or plaintiff's mortgage loan servicer's employee(s) with whom I communicated are: Melissa Ratliff, Operations Senior Specialist II, whose responsibilities are document execution and review and verification of documents related to foreclosure.

3. Based on my communication with the above-named employee(s) of plaintiff or plaintiff's mortgage loan servicer, as well as my own inspection of the loan information supplied by the plaintiff or the plaintiff's mortgage loan servicer and other diligent inquiry, I execute this certification to comply with the requirements of Rules 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (a)(3).

4. I am aware that I have a continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for the further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in the case.

5. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Phelan Hallinan Diamond & Jones, PC

By: /s/ Matthew Gross
Matthew Gross, Esq.
Attorney for Plaintiff

Date: June 26, 2018

# Foreclosure Case Information Statement

**Case Details: BERGEN | General Equity Docket # 013398-18**

**Case Caption:** JPMORGAN CHASE BANK VS PEREZ CATHLEEN
**Case Initiation date:** 06/27/2018

**Case Type:** RESIDENTIAL MORTGAGE FORECLOSURE
**Document Type:** Complaint

**Plaintiff(s)** (1)

| | | | |
|---|---|---|---|
| **Name:** JPMORGAN CHASE BANK NATIONAL A | | **Party Type:** Business | |
| **Address Line 1:** 3415 VISION DRIVE | | **Corporation Type:** Corporation | |
| **Address Line 2:** | | | |
| **City:** COLUMBUS | **State:** OH | **Zip:** 43219 | **Phone:** |

**Attorney Name:** MATTHEW B GROSS
**Email Address:** MATTHEW.GROSS.JEFIS@PHELANHALLINAN.COM

**Defendant(s)** (6)

| | | | |
|---|---|---|---|
| **Name:** CATHLEEN PEREZ | | **Party Type:** Individual | |
| **Address Line 1:** 236 MABLE ANN AVE | | **Corporation Type:** | |
| **Address Line 2:** | | | |
| **City:** FRANKLIN LAKES | **State:** NJ | **Zip:** 07417-1912 | **Phone:** |
| **Attorney Name:** | | **Email Address:** | |

| | | | |
|---|---|---|---|
| **Name:** CATHLEEN PEREZ MR | | **Party Type:** Individual | |
| **Address Line 1:** 236 MABLE ANN AVE | | **Corporation Type:** | |
| **Address Line 2:** | | | |
| **City:** FRANKLIN LAKES | **State:** NJ | **Zip:** 07417-1912 | **Phone:** |
| **Attorney Name:** | | **Email Address:** | |

| | | | |
|---|---|---|---|
| **Name:** ALEJANDRO PEREZ | | **Party Type:** Individual | |
| **Address Line 1:** 236 MABLE ANN AVE | | **Corporation Type:** | |
| **Address Line 2:** | | | |
| **City:** FRANKLIN LAKES | **State:** NJ | **Zip:** 07417-1912 | **Phone:** |

**Attorney Name:**                                         **Email Address:**

---

**Name:** ALEJANDRO PEREZ MRS                    **Party Type:** Individual

**Address Line 1:** 236 MABLE ANN AVE            **Corporation Type:**

**Address Line 2:**

**City:** FRANKLIN LAKES          **State:** NJ          **Zip:** 07417-          **Phone:**
                                                         1912
**Attorney Name:**                                         **Email Address:**

---

**Name:** PORCELLO ENGINEERING INC              **Party Type:** Business

**Address Line 1:** 12 Maple Ave                **Corporation Type:** Other

**Address Line 2:**

**City:** Pine Brook          **State:** NJ          **Zip:** 07058          **Phone:**

**Attorney Name:**                                         **Email Address:**

---

**Name:** UNITED STATES OF AMERICA              **Party Type:** Business

**Address Line 1:** CO US ATTORNEY GENERAL      **Corporation Type:** Other
**DISTRICT NJ**
**Address Line 2:** FEDERAL BLDG 970 BROAD STREET

**City:** NEWARK          **State:** NJ          **Zip:** 07102-          **Phone:**
                                                         2534
**Attorney Name:**                                         **Email Address:**

**Property(s)**                                                                 **(1)**

**Property Address:** 236 MABLE ANN AVE          **County:** BERGEN

**Municipality:** FRANKLIN LAKES BORO            **Block:** 2504.01          **Lot:** 9

**Zip:** 07417

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/27/2018                                         /s/ MATTHEW B GROSS
Dated                                                         Signed

# EXHIBIT B

# BERTONE | PICCINI

ATTORNEYS AT LAW

BERTONE PICCINI LLP
777 TERRACE AVENUE, SUITE 201
HASBROUCK HEIGHTS, NJ 07604
T. 201.483.9333    F. 201.483.9187
www.bertonepiccini.com

CRISTINA Z. SINCLAIR
Direct:  201.399.7235
csinclair@bertonepiccini.com

July 1, 2019

Via First Class Mail and E-Mail – Perezcap@Optonline.net

Cathleen Perez
Alejandro Perez
236 Mabel Ann Avenue
Franklin Lakes, New Jersey 07417

     Re:    JPMorgan Chase Bank v. Perez
           Docket No. F-13398-18

Dear Mr. and Mrs. Perez:

     I am in receipt of your Motion to Vacate Default.  Please be advised that I will make the original loan documents (Note and Mortgage) available for your review at my office if you would like the opportunity.  If so, please advise at your earliest convenience and provide me with potential dates and times that you are available for the review so that we can arrange a mutually agreeable time.

     Very truly yours,

     BERTONE PICCINI LLP

     *Cristina Z. Sinclair*

     Cristina Z. Sinclair, Esq.

CZS/sg

{00245351}

# EXHIBIT C

*This Order has been prepared and filed by the Court.*

JP Morgan Chase, N.A.

            *Plaintiff,*

v.

Cathleen Perez, et al.

            *Defendants.*

SUPERIOR COURT OF NEW JERSEY
Chancery Division
Bergen County

Docket No. F-13398-18

**ORDER**

**THIS MATTER**, having come before the Court upon application of Defendants, upon notice to all counsel, and the Court having considered the moving papers submitted, having heard oral argument of counsel and the parties, if any, and having considered same, and for good cause shown;

**IT IS** on this 31st day of August, 2018, hereby **ORDERED**:

1.    Defendants' Motion to Dismiss is hereby **DENIED**; and

2.    A copy of this Order shall be served upon all parties within seven (7) days of the date hereof

HON. EDWARD A. JEREJIAN, P.J.Ch.

**JP Morgan Chase, N.A. v. Cathleen Perez, et. al**                    **Docket No. F-13398-18**
**Attachment to Order Dated August 31, 2017 ⊘ ⊋**

This matter comes before the court by way of Defendant Cathleen Perez Motion to Dismiss For Failure to State a Claim under R. 4:6-2 filed on July 25, 2018. The Motion to Dismiss was opposed by Plaintiff JP Morgan Chase on August 23, 2018.

Typically, in reviewing a motion to dismiss under Rule 4:6-2(e), our inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint. Reider v. Department of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987). R. 4:5-2 states that a pleading, "shall contain a statement of the facts on which the claim is based." However here, Defendant moves to dismiss the complaint on the contention that Plaintiff failed to comply with the Fair Debt Collection Practices Act, which requires Plaintiff to verify the debt or cease collection activity.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(1)-(4), requires a notice to be sent prior to debt collection that includes: (1) the amount of the debt, (2) the name of the creditor, (3) a statement that the debt will be presumed valid unless the consumer disputes the validity of the debt within 30 days after receipt of the notice, and (4) a statement that the debt collector will send the consumer verification of the debt, or a copy of the judgment against the consumer, if disputed in writing, within 30 days.

Pursuant to (4), Defendant requested verification of the debt consistent with the FDCPA on April 24, 2018. Plaintiff subsequently responded in a manner consistent with FDCPA verification requirements on June 1, 2018. Specifically, the response included copies of the Note, Mortgage, loan modification agreement and an admission by Defendants of their obligations under the Note and Mortgage. Thus, Plaintiff established a colorable right to the debt. Casterline v. Credit Protective Services of I.C. Sys. Inc., 1991 U.S. Dist. LEXIS 21728 *5 (D.N.J. June 26, 1991). Once the verification response is sent, the debt collector is legally entitled to resume debt collection efforts. 15 U.S.C. § 1692g(b). Therefore, Plaintiff's filing of its Complaint on June 27, 2018, did not violate the FDCPA.

For the foregoing reasons, Defendant's motion is denied. An order accompanies this decision.