

HARTMANN DOHERTY
ROSA BERMAN & BULBULIA
Limited Liability Company        Attorneys At Law

433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
800 Third Avenue, 28th Floor
New York, New York 10022
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, 3rd Floor
Short Hills, New Jersey 07078
t: 973.467.1325

August 15, 2019

<u>**VIA ECF**</u>

Hon. Steven C. Mannion
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

> **Re:** <u>**U.S. ex rel. Kenneth W. Armstrong v. Andover Subacute & Rehab Center**</u>
> <u>**Services One, Inc., et al.**</u>
> **Civil Action No. 12-3319**

Dear Judge Mannion:

This firm represents Defendants Andover Subacute & Rehab Center Services One, Inc., Andover Subacute & Rehab Center Services Two, Inc., and the Estate of Dr. Hooshang Kipiani (the "Andover Defendants") in the above-captioned matter. During yesterday's telephonic status conference, Relator Kenneth W. Armstrong argued two motions: (i) Relator's motion to compel the deposition testimony of Ms. Carla Turco-Kipiani; and (ii) Relator's motion to compel Defendants to respond to Relator's April 12, 2019 interrogatories. Your Honor observed that the Andover Defendants had not filed an opposition to Relator's motion to compel the deposition testimony of Ms. Turco-Kipiani and, ultimately, instructed the parties to meet and confer regarding Ms. Turco-Kipiani's continued deposition on the basis that Relator's motion was unopposed.

Although I was able to confirm during the conference that the Andover Defendants did not file an opposition to Relator's motion to compel the deposition testimony of Ms. Turco-Kipiani (Dkt. No. 92), it was not until after the conference that I realized that the motion to compel Ms. Turco-Kipiani's testimony had been inadvertently overlooked. As reflected in the June 5, 2019 joint agenda letter, we have always intended to oppose Plaintiff's motion. (Dkt. No. 87 (the "Joint Agenda Letter") at 3.) We just missed it.

As indicated in that letter, the Relator's questions regarding Ms. Turco-Kipiani's interest in other entities were irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and solely meant to annoy and oppress Ms. Turco-Kipiani (Joint Agenda Letter at 3; Geyer Decl. [Dkt. No. 92-1], Ex. 1 (the "Turco-Kipiani Dep.") at 70:18-71:13.) Relator argues that those questions are relevant to the claims and defenses in this matter because they may reveal that "the woman perhaps was spreading herself too thin and was not spending enough time at Andover." (Motion at 3–4 (quoting Turco-Kipiani Dep. at 76:19-25).) But Ms. Turco-Kipiani's

Hon. Steven C. Mannion
August 15, 2019
Page 2

personal financial investments and the allocation of her time have no bearing on (i) whether Andover residents were seen by a physician as frequently as applicable regulations required, and (ii) the accuracy of certifications submitted by the Andover Defendants to governmental regulatory authorities. The real motivation for this line of questioning is that Relator has sued corporate entities that are effectively defunct and he is on a fishing expedition to uncover Ms. Turco-Kipiani's personal assets even though there is no allegation and, indeed, no evidentiary basis for any allegation of corporate irregularity.

The Andover Defendants will meet and confer with counsel regarding Ms. Turco-Kipiani's continued deposition. However, the Andover Defendants respectfully request that the Court provide the Andover Defendants with an opportunity for to oppose Relator's motion on the merits of that issue.

Respectfully,

/s/ Blan Jarkasi

Blan J. Jarkasi

cc:   All Counsel of Record (via ECF)