**HARTMANN DOHERTY ROSA BERMAN & BULBULIA**
Limited Liability Company  Attorneys At Law

433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
800 Third Avenue, 28th Floor
New York, New York 10022
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, 3rd Floor
Short Hills, New Jersey 07078
t: 973.467.1325

September 10, 2019

**VIA ECF**

Hon. Steven C. Mannion
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

**ANDOVER DEFENDANTS' BRIEF IN OPPOSITION TO RELATOR'S MOTION TO COMPEL INTERROGATORY RESPONSES**

Re:  *U.S. ex rel. Armstrong v. Andover Subacute & Rehab Center Services One, Inc., et al.* **(Civil Action No. 12-3319)**

Dear Judge Mannion:

This firm represents Defendants Andover Subacute & Rehab Center Services One, Inc. ("Andover One"), Andover Subacute & Rehab Center Services Two, Inc. ("Andover Two"), and the Estate of Dr. Hooshang Kipiani (collectively, the "Andover Defendants") in the above-referenced matter. Please accept this letter in lieu of a more formal brief in opposition to Relator's motion to compel interrogatory responses from the Andover Defendants (Docket No. 102).

On April 12, 2019, Relator served eight interrogatories requesting that Defendants identify all claims submitted by Dr. Kipiani and the Andover Defendants to Medicare, New Jersey Medicaid, and New York Medicaid between 2009 to 2012. The Andover Defendants objected to the interrogatories as untimely pursuant to the Pretrial Scheduling Order entered by the Court on September 4, 2018, which required that interrogatories be served by November 23, 2018. (Docket No. 47.) Relator filed a motion to compel responses to the same interrogatories on June 28, 2019. (Docket No. 91.) Relator's motion was denied on August 14, 2019. (Docket No. 100.) Now, Relator moves[1] yet again to compel the Andover Defendants' responses to the same interrogatories. This time, Relator argues that the interrogatories were timely because the Court's Supplemental Scheduling Order extended the fact discovery period from April 30, 2019 to May 31, 2019. Relator's Motion fails on form and substance because the interrogatories were untimely and unreasonable.

The Pretrial Scheduling Order named separate and distinct deadlines for the service of interrogatories and the close of fact discovery—November 23, 2018 and April 30, 2019, respectively. The Court clearly intended a meaningful distinction between these two dates. The Supplemental Scheduling Order extended the close of fact discovery, <u>but it did not change the deadline for service of interrogatories</u>. Relator seeks to do away with the distinction between these

---

[1] Relator did not consult the Andover Defendants to present this dispute to the Court by a joint letter prior to making his motion, as both the Pretrial Scheduling Order and Supplemental Scheduling Order require.

Hon. Steven C. Mannion
September 10, 2019
Page 2

deadlines completely, arguing that the extension of fact discovery—without any mention of interrogatories—somehow resurrected Relator's untimely requests. Relator's interpretation would render the November 23, 2018 deadline superfluous and redundant—why would the Court include a separate deadline for the service of interrogatories if it meant for interrogatories to be timely until the close of discovery?

By contrast, the Andover Defendants have interpreted the Court's scheduling orders to give meaning to every provision and have applied that interpretation consistently and in good faith. For example, Relator served requests for admission on April 12, 2019 and May 17, 2019. The Andover Defendants responded to both requests for admission because the Pretrial Scheduling Order did not set forth a specific deadline for the service of those requests. (Docket No. 66.)

The interrogatories are more than untimely, they are unreasonable. Relator asks the Andover Defendants to compile all of the claims they submitted to Medicare/Medicaid between 2009 and 2012, of which there are presumably hundreds of thousands. Even more, for each of those claims, the Relator demands that the Andover Defendants produce: (i) the date of service; (ii) the medical code billed; (iii) the name of the patient, (iv) the amount Medicare/Medicaid paid for such service; and (v) the date payment was received.

As the Andover Defendants made clear in their June 28, 2019 opposition to Relator's prior motion to compel (Docket No. 93), this is an impossible request. Andover's operations were sold years ago and Andover no longer employs any individual with any degree of familiarity with the claims information. Even if Andover did employ such a person, it is improbable that they could verify detailed information about hundreds of thousands of medical claims that were submitted seven to ten years ago. It would be impossible, therefore, for the Andover Defendants to "create lists of claims submitted to Medicare/Medicaid" between 2009 and 2012. (*See* Joint Discovery Dispute Letter dated April 23, 2019, Docket No. 79 at 1.)

In reality, this is yet another attempt by Relator to force the Andover Defendants to stipulate that they *actually submitted* each and every claim contained in the dataset Relator received from Medicare/Medicaid. Indeed, Relator's April 12, 2019 interrogatories invite the Andover Defendants to make "reference to the Medicare claim's data excel file as [the Andover Defendants'] answer." Relator's interrogatories would impose an impossible obligation on the Andover Defendants that goes far beyond what Fed. R. Civ. Proc. 33 requires. *See United States v. Kramer*, 1992 U.S. Dist. LEXIS 7651 at *12-14 (D.N.J. Mar. 31, 1992) (corporation has a duty to make "reasonable inquiry" and furnish information under its control). Relator cannot force the Andover Defendants to provide a sweeping stipulation about these important facts simply because he does not want to do the work required to prove an essential aspect of his suit. *See id.* at *12-14 (explaining that "the rules of discovery do not compel a party to do the interrogating party's investigation for him[.]"). Indeed, the Andover Defendants have provided Relator with access to all of their remaining files, all of their old computers, and all of their other records and Relator can assemble that information however he wants.

Hon. Steven C. Mannion
September 10, 2019
Page 3

## CONCLUSION

For these reasons, Relator's motion to compel the Andover Defendants' interrogatory responses should be denied.

Respectfully submitted,

Mark A. Berman

cc: All Counsel of Record (via ECF)