UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

January 6, 2020

## LETTER ORDER- OPINION

**Re:** **[D.E. 103, Defendant's Motion for Reconsideration]**

**Kenneth Armstrong, ex rel. United States of America, et al., v. Andover Subacute and Rehab Center Services One, Inc. et al.**
**Civil Action No. 2:12-CV-3319 (SDW-SCM)**

Dear Litigants:

Before the Court is Defendant Andover Subacute & Rehab Center Services One, Inc., et al (hereinafter "Andover Defendants") motion for reconsideration of the Court's order granting Plaintiff's motion to compel the continued deposition of Ms. Carla Turco-Kipiani.[1] During an August 14, 2019 telephonic conference and oral arguments on this motion, the Court observed that the Andover Defendants had not filed an opposition to the motion to compel. Following oral arguments and Andover Defendants' failure to file an opposition, the Court stated its reasoning on the record and issued its Order on August 16, 2019.[2] The background of this case is fully described in Judge Wigenton's September 26, 2019 opinion.[3] For the reasons set forth below, and upon consideration of the parties' submissions, Andover Defendant's informal motion for reconsideration is **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 103).

[2] (D.E. 100).

[3] (D.E. 108).

"The purpose of a motion for reconsideration… is to correct manifest errors of law or fact or to present newly discovered evidence."[4] Motions for reconsideration require that the moving party sets forth "concisely the matter of controlling decisions which the party believes the Judge or Magistrate Judge has overlooked…"[5] A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle. Requests pursuant to [the rule] are to be granted 'sparingly.'"[6] The court will grant a motion for reconsideration only where its prior decision overlooked a factual or legal issue that may alter the disposition of the matter.[7] To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"[8]

A motion for reconsideration that merely raises a disagreement with the Court's decision or restates an argument that the court has already considered should be denied.[9] The reconsideration process "should not provide the parties an opportunity for a second bite at the

---

[4] *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d. Cir. 1999) (internal quotations omitted)

[5] *G-69 v. Degnan,* 787 F. Supp. 274, 275 (D.N.J. 1990).

[6] *Sch. Specialty, Inc. v. Ferrentino,* No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted).

[7] *Certain Underwriters at Lloyd's of London,* Civ. No. 10-1796, 2012 WL 2979037, at *1 (D.N.J. July 20, 2012) (citing *U.S. v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999)).

[8] *Cole v. Guardian Life Ins. Co. of Am.,* 594 F. App'x 752, 756 (3d Cir. 2014) (quoting *Max's Seafood Café,* 176 F.3d at 677).

[9] *Knight v. Kaminski,* 331 F. App'x 901, 905 (3d Cir. 2009); *see also Cole,* 594 F. App'x at 756 (denying motion for reconsideration where the movant "merely restated [his] earlier arguments [from the underlying motion].").

2

apple."[10] Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis."[11] Additionally, "reconsideration motions... may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised *prior to entry of judgment*."[12]

Andover Defendants' informal brief in support of their motion for reconsideration revolves around their failure to file a formal opposition to the motion to compel[13]. This "oversight" is not a valid ground for reconsideration. In the instant motion, Andover Defendants do not argue that there has been an intervening change in the law, that new evidence compels a result different from the one this Court previously reached, or that this Court overlooked any dispositive factual or legal matter that was presented to it.[14] Andover Defendants merely state that it would be unjust to grant the motion to compel because they "[s]omehow missed the electronic filing," and argue that the Court should address the motion on the merits.[15]

The Court reiterates that the entirety of Andover Defendants' legal analysis on the issue could have been brought up prior to the entry of judgment, and notes that the motion for reconsideration cites cases that would have supported Andover Defendants' argument if they had

---

[10] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998)

[11] *Leja v. Schmidt Mfg., Inc.*, No. 01-5042 (DRD), 2008 WL 1995140, at *3 (D.N.J. May 6, 2008); *see also United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (efforts to expand "reargument to include matters that were not presented before the court in the original motion, but that were submitted after the motion has been decided have been rejected.").

[12] *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1996). (emphasis added).

[13] (D.E. 103 at pg. 3).

[14] (D.E. 103).

[15] *Id.*

3

filed an opposition. Andover Defendants fail to even state the standard for reconsideration, much less argue that they have met it.

But even if Andover Defendants had met the requirements for a motion for reconsideration, and even considering their additional submissions, the Court still concludes that Andover Defendants' instruction not to answer during Ms. Kipiani's deposition was improper because it does not fall into any of the three valid reasons for such instructions. Under Rule 30(c)(2), "[a] person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a *motion* under Rule 30(d)(3)."[16] Contrary to Andover Defendants' reading of Rule 30(d)(3),[17] the third path requires a motion. This is evident both from the preceding language of Rule 30(c)(2), and from the language of Rule 30(d)(3) itself, a rule which is titled "Motion to Terminate or Limit" and states that "[a]t any time during a deposition, the deponent or a party may *move to terminate or limit it* on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party."[18] A relevance objection is not itself proper grounds for instructing a witness not to answer questions in a deposition.

Andover Defendants have not invoked privilege and have not cited any relevant prior limitation ordered by the Court. They have also failed to file a motion under Rule 30(d)(3) and, even if their present motion for reconsideration is construed as a motion to limit under that rule, they have not demonstrated that the questioning unreasonably annoyed, embarrassed, or oppressed the deponent. Instead, they cite a previous decision granting a protective order by this

---

[16] FED. R. CIV. P. 30(c)(2) (emphasis added).

[17] (D.E. 103-1, 4).

[18] FED. R. CIV. P. 30(d)(3)(a) (emphasis added).

Court, which stated that "[i]nquiries into personal finances, *when such finances are irrelevant*, have the potential to annoy, embarrass, and oppress the individual being deposed."[19] Here, Plaintiff's questions concerning Mrs. Kipiani's business interests are relevant as they will provide insight into how she allocated her time to other business interests and whether she was able to provide confirmation that Andover's patients were being seen by a New Jersey licensed physician in accordance with federal and state law.

For the reasons discussed above, this Court finds that Andover Defendants has failed to articulate a legitimate basis for reconsideration. Specifically, they have not established: (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest justice. Andover Defendants' motion for reconsideration is therefore **DENIED.**

**IT IS SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/6/2020 2:36:48 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
File

---

[19] *Santiago v. Apothaker Scian P.C.*, 2017 WL 4543689, at *1 (D.N.J. Oct. 11, 2017) (emphasis added).